**In re J & M SALUPO
DEVELOPMENT
CO., INC. Debtor.**

No. 06–11373.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

June 11, 2008.

Stephen D. Hobt, Cleveland, OH, for Debtor.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Before this Court is a Motion for Relief from Stay and Abandonment (the "Motion") filed by Fifth Third Mortgage Company ("Fifth Third") over the objection of Paul and Nancy Hamerly (the "Hamerlys"). This Court acquires jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157 and General Order No. 84 of this District. Upon a duly noticed hearing and a review of the record, the following findings of fact and conclusions of law are hereby rendered:

\*

Debtor is an Ohio corporation in the business of constructing custom built homes. On April 19, 2006 (the "Petition Date"), Debtor filed for bankruptcy relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Prepetition, Fifth Third extended a construction loan in the amount of $703,700.00 to J & M Salupo Development Co. (the "Debtor") to build a home in the Four Seasons development located in Brecksville, Ohio (the "Property"). To secure payment on the loan, the Debtor executed a mortgage which granted a lien in favor of Fifth Third on the Property. Fifth Third duly perfected its lien. This lien is the senior lien on the Property.

The Debtor subsequently executed a purchase agreement with the Hamerlys for the construction of a new home on the Property. The Hamerlys paid the Debtor an initial deposit of $180,000.00 and construction of the home was completed in June of 2003. Although no closing had occurred, the Hamerlys were allowed to take possession of the home. Without interruption, the Hamerlys continue to reside on the subject premises to the present

time. No evidence was adduced to show that any mortgage payments have been made on the Fifth Third loan by either the Hamerlys or the Debtor in at least five years.

It is undisputed that title to the Property is in the Debtor's name, and Fifth Third holds a mortgage on the Property. It is also unrefuted that the Hamerlys are not in privity on the subject loan. In order to foreclose its lien against the Property, Fifth Third filed the subject Motion for Relief from Stay and Abandonment. The Hamerlys filed a response and commenced an adversary proceeding asserting their rights in the Property. This Court determined earlier that they were not entitled to delivery of title to the Property free and clear of liens and encumbrances, and that they also were not entitled to equitable subordination of Fifth Third's lien[1]. The Hamerlys then filed a motion for reconsideration which this Court denied. They filed a timely appeal of this Court's denial of reconsideration and the Bankruptcy Appellate Panel affirmed the decision of this Court[2].

\* \*

Fifth Third argues that it is entitled to relief from the automatic stay pursuant to §§ 362(d)(1) and/or 362(d)(2) of the Bankruptcy Code because it is not adequately protected on its secured interest in the Property, there exists no equity in the Property, and the Debtor has failed or is unable to satisfy its loan obligations. Fifth Third asserts that the value of the Property is $580,000.00, based on the Debtor's petition, and the outstanding balance on the loan is $680,066.96 plus interest from June 21, 2005. Although there are other liens against the Property, Fifth Third contends that it is in first lien position on the Property and seeks relief from stay to permit it to proceed in foreclosure under applicable state law.

The Hamerlys object to the Motion and urge denial or adjournment pending a final adjudication of their rights in the Property. They further contend that this matter should not be remanded to state court for foreclosure proceedings. The Hamerlys dispute Fifth Third's valuation of the Property because they obtained an appraisal of $645,000.00 in 2006 and the Cuyahoga County Auditor's Valuation for 2007 is $749,600.00. They argue that Fifth Third is not entitled to relief from stay because its lien is junior to theirs.

\* \* \*

The issue before this Court is whether relief from stay is warranted pursuant to §§ 362(d)(1) and/or 362(d)(2) of the Bankruptcy Code.

\* \* \* , \* \* \*

Upon filing a petition for bankruptcy, an automatic stay is imposed that enjoins creditors from the commencement or continuation of an action against the debtor or the debtor's property. *11 U.S.C. § 362(a).* The automatic stay remains in effect until terminated by one of several specific occurrences. *11 U.S.C. § 362(c) et seq.* At issue in this case is relief from the automatic stay pursuant to §§ 362(d)(1) and/or 362(d)(2) which states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

---

**1.** *In re J & M Salupo Dev. Co.,* Ch. 7, Case No. 06–11373 (Bankr.N.D.Ohio. Dec. 22, 2006).

**2.** *Paul T. v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.),* 2008 Bankr.LEXIS 1062 (6th Cir. BAP Apr. 18, 2008)

812

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization;

*11 U.S.C. § 362(d)(1) and (d)(2).*

\*    \*    \*    \*    \*    \*

Relief from the automatic stay may be granted for cause under § 362(d). *Id.* Pursuant to § 362(g) of the Bankruptcy Code,

(1) the party requesting ... relief [from stay] has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

*11 U.S.C. § 362(g)(1) and (g)(2).*

■ If a secured creditor is not adequately protected on the property securing its interest, relief from the automatic stay is available. *11 U.S.C. § 362(d)(1); See United Sav. Asso. v. Timbers of Inwood Forest Assocs.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (U.S.1988). "[C]ourts must determine whether discretionary relief is appropriate on a case-by-case basis." *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship),* 30 F.3d 734, 737 (6th Cir.1994) (*citing In re Zick,* 931 F.2d 1124, 1129 (6th Cir.1991)); *see also Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 31 (1st Cir. 1994). Lack of adequate protection may be shown by an "erosion of the creditor's position or of a threatened erosion". *In re Anthem Communities/RBG, LLC,* 267 B.R. 867, 871 (Bankr.D.Colo.2001).

The erosion may be shown through evidence of declining property values, the increasing amount of the secured debt through interest accruals or otherwise, the non-payment of taxes or other senior liens, failure to insure the property, failure to maintain the property, or other factors that may jeopardize the creditor's present position. It may be necessary to show a combination of these factors and/or to show that the circumstances as a whole are sufficient to jeopardize the creditor's interest in the property.

*Id.; see also Americredit Fin. Servs. v. Nichols (In re Nichols),* 440 F.3d 850, 856 (6th Cir.2006).

■ Herein, relief from the automatic stay is warranted pursuant to § 362(d)(1) because Fifth Third's interest in the Property is not adequately protected. Debtor's inability to repay its loan obligation to Fifth Third is sufficient cause to warrant relief from the automatic stay. No record of payment over a period of at least five years has resulted in an extensive delinquency on the Fifth Third loan. Additionally, there is no equity in the Property because any value of the Property is significantly impaired by the amount the Debtor owes on it. The combination of these factors is prejudicial to Fifth Third's interest in the Property.

■ Relief from the stay against the Property is also warranted under § 362(d)(2). Under § 362(d)(2), the stay must be lifted if the debtor has no equity in the property and the property is not necessary for an effective reorganization. *11 U.S.C. § 362(d)(2).* "[I]n a Chapter 7 case, where the debtor has no equity in the property, the automatic stay must be lifted." *In re Roxrun Estates, Inc.,* 74 B.R. 997, 1003 (Bankr.S.D.N.Y.1987) *citing Sovran Bank, N.A. v. Anderson,* 743 F.2d 223, 225 n. 1 (4th Cir.1984); *Rusiski v. Pribonic (In re Pribonic),* 70 B.R. 596 (Bankr. W.D.Pa.1987). In a Chapter 7 case, as exists herein, the property is not necessary to a reorganization because the estate's

assets are being liquidated in accordance with Chapter 7 provisions. *In re Knight Jewelry,* 168 B.R. 199, 203 (Bankr. W.D.Mo.1994). Herein, the Debtor sought voluntary relief under Chapter 7 liquidation. Additionally, there is no equity in the Property when all liens and encumbrances against it are considered. With tax liens and accrued late fees exceeding $100,000.00 along with an outstanding balance of $680,066.96 plus interest from June 21, 2005, any equity in the Property is subsumed even assuming, *arguendo,* that the value of the Property is the County Auditor's value of $749,600.00, which is the highest value of the Property presented to date.

■■■ This Court previously determined that equitable subordination of Fifth Third's lien on the Property was inappropriate, and therefore is not persuaded by the Hamerlys contentions that Fifth Third's lien is junior to theirs. "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *EEOC v. United Ass'n of Journeymen and Apprentices of the Plumbing & Pipefitting Indus. of the United States and Canada, Local No. 120,* 235 F.3d 244, 249 (6th Cir.2000) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir.1997)). The " 'law of the case' . . . expresses the practice of courts generally to refuse to reopen what has been decided." *Brady–Morris v. Schilling (In re Knight Trust),* 303 F.3d 671, 677 (6th Cir. 2002). To diverge from a previous statement, "[courts] must find some cogent reason to show the prior ruling is no longer applicable, such as if our prior opinion was a clearly erroneous decision which would work a manifest injustice." *Id.* at 677–678 (quotations omitted). Herein, notwithstanding the Hamerlys' assertion of an equitable lien in their favor, nothing in the record reflects that they have ever obtained a lien on the Property. Moreover,

the Debtor, who holds title to the Property, has not filed any objection to Fifth Third's Motion for relief from the automatic stay.

\*　\*　\*　\*　\*　\*

Accordingly, Fifth Third's Motion for Relief from Stay is well-premised and is hereby granted. The Hamerlys' objection is overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

At Cleveland, in said District, on this 11th day of June, 2008.

A Memorandum of Opinion and Order having been rendered by the Court in this matter, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Fifth Third's Motion for Relief from Stay is well-premised and is hereby granted. The Hamerlys' objection is overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**