Dora L. AJA, Debtor.

Dora L. Aja, Appellant

v.

Emigrant Funding Corporation,
Appellee.

BAP No. MB 10–019.
Bankruptcy No. 09–21872–JNF.

United States Bankruptcy Appellate Panel
for the First Circuit.

Jan. 19, 2011.

Dora L. Aja, Pro Se, on brief, for Appellant.

Shawn M. Masterson, Esq., and Thomas E. Carlotto, Esq., on brief, Pawtucket, RI, for Appellee.

Before VOTOLATO, LAMOUTTE, and TESTER, United States Bankruptcy Appellate Panel Judges.

VOTOLATO, Bankruptcy Judge.

Dora L. Aja (the "Debtor") appeals from the bankruptcy court's order granting the motion of Emigrant Funding Corporation ("Emigrant") for in rem relief from stay (the "Williams Street Order") with respect to real estate located at 9–11 Williams Street, Worcester, Massachusetts (the "Williams Street Property").[1]  For the reasons discussed below, the appeal is **DISMISSED.**

### *BACKGROUND*

The Debtor is the managing partner of 86–92 Hamilton Street Realty, LLC ("Hamilton"), a Delaware limited liability company.  In April 2006, Emigrant extended a loan to Hamilton in the principal amount of $400,000.00.  The loan was evidenced by a promissory note and secured by a mortgage on the Williams Street Property.  Between September 2007 and December 2009, Hamilton filed three voluntary Chapter 11 petitions, all of which were dismissed prior to confirmation for disregard of its debtor-in-possession duties under the Bankruptcy Code, the reporting requirements of the U.S. Trustee, and the local bankruptcy rules.

---

**1.**  In her brief, the Debtor asks the Panel to "overturn" three separate bankruptcy court orders: (1) the Williams Street Order; (2) the order (the "Hamilton Street Order") granting Emigrant relief from stay with respect to property located at 92 Hamilton Street, Worcester, Massachusetts (the "Hamilton Street Property"); and (3) the order converting the Debtor's chapter 11 case to chapter 7. It is only the Williams Street Order that is before the Panel for consideration.  Although the parties discuss the Hamilton Street Order in their briefs, the Debtor did not appeal the Hamilton Street Order, and, therefore, it is not subject to challenge in this appeal.  In addition, although the Debtor has appealed the order denying reconsideration of the conversion of her case to chapter 7, that order is the subject of a separate appeal before the Panel.  See BAP No. MB 10–010.  The order converting the case has not been appealed.

On December 8, 2009, the Debtor, as Hamilton's manager, transferred title to the Williams Street Property from Hamilton to herself personally, for nominal consideration. On the same day, this chapter 11 case was filed, minutes prior to a foreclosure sale by Emigrant on the Williams Street Property.

In January 2010, Emigrant filed a motion seeking relief from stay in rem with respect to the Williams Street Property (the "Motion"), on the ground that cause existed for relief under 11 U.S.C. § 362(d)(1), including: (1) the Debtor's bad faith in commencing this bankruptcy case;[2] (2) lack of adequate protection regarding continuing decline in the value of the Williams Street Property; (3) the Debtor's failure to provide insurance coverage for the Williams Street Property; and (4) the Debtor's inability and/or refusal to competently manage the Williams Street Property. Emigrant asserted that in rem relief was warranted because of the number of prior cases involving the Williams Street Property and the fact that the Debtor filed for relief one day after Hamilton's request to reopen its third case was denied.

Although Emigrant sought relief under 11 U.S.C. § 362(d)(1), the Debtor seemed to object as though relief were sought under 11 U.S.C. § 362(d)(2), i.e., she asserted that there was no equity in the Williams Street Property, but argued that there was a reorganization in prospect. The Debtor further argued that Hamilton's three prior filings did not warrant relief because those filings were the result of Emigrant's predatory business tactics, and because this is a usurious loan. The bankruptcy court scheduled a hearing on the Motion for February 3, 2010.[3]

At the hearing, the bankruptcy court continued the matter to afford the chapter 7 trustee time to respond to the Motion.[4] Thereafter, the trustee filed an opposition to the Motion, alleging among other things that there was equity in the Williams Street Property, which should be marketed commercially to maximize the benefit to creditors.

At the continued hearing, the bankruptcy court heard the Motion together with the Debtor's motion to reconsider the order converting the case. In the context of these motions, the bankruptcy court considered the arguments of the Debtor, Emigrant, the U.S. Trustee, and the chapter 7 trustee. After the hearing, including evidence of the Debtor's projected income, the court denied reconsideration on the grounds that the Debtor failed to propose viable plans of reorganization in three prior cases, and failed to comply with her duties as a chapter 7 debtor in this case,

2. Emigrant argued that the totality of the following circumstances warranted a finding of the Debtor's bad faith: (1) the bankruptcy court's prior determination that the Debtor lacked credibility; (2) the multiple filings by Hamilton on the eve of foreclosure; (3) the inability of Hamilton to propose a feasible plan in three prior bankruptcy cases; (4) the transfer of the Hamilton Street Property to the Debtor one hour before a scheduled foreclosure sale and only one day after the bankruptcy court denied Hamilton's request to reopen its third case; (5) the filing by the Debtor solely to create the automatic stay; (6) the absence of pressure from any creditor

other than Emigrant; (7) the limited number of unsecured creditors; (8) the Debtor's unauthorized use of cash collateral; and (9) the fact that reorganization essentially involved a two-party dispute.

3. After Emigrant filed the Motion and the Debtor filed her opposition, but before the hearing, the bankruptcy court entered an order converting the case to chapter 7.

4. The bankruptcy court did, however, consider Emigrant's motion with respect to the Hamilton Street Property and ultimately granted Emigrant retroactive relief from stay.

evidenced, *inter alia,* by converting property of the estate. With respect to the Motion, the chapter 7 trustee represented that she was withdrawing her opposition because she had determined that there was no equity in the Williams Street Property. Thereafter, the bankruptcy court ruled that there was no equity in the property, that the Debtor did not have a viable plan in prospect, and granted the Motion.[5] The Debtor appealed.[6]

### JURISDICTION

Before addressing the merits of an appeal, the Panel must determine that it has jurisdiction, even if the issue is not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.),* 226 B.R. 724 (1st Cir. BAP 1998). The Panel has jurisdiction to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *id.* at 646 (citations omitted), whereas an interlocutory order "only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *Id.* (quoting *In re American Colonial Broad. Corp.,* 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy court's order granting relief from the automatic stay is a final order. *See Aguiar v. Interbay Funding, LLC (In re Aguiar),* 311 B.R. 129, 131 (1st Cir. BAP 2004).

### STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo. See Lessard v. Wilton–Lyndeborough Coop. School Dist.,* 592 F.3d 267, 269 (1st Cir.2010). Usually, orders granting relief from the automatic stay are reviewed for abuse of discretion. *See Aguiar,* 311 B.R. at 132 (citing *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 973 (1st Cir.1997)). An "abuse of discretion presents itself 'when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'" *Vélez v. Awning Windows, Inc.,* 375 F.3d 35, 42 (1st Cir.2004) (citing *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.,* 864 F.2d 927, 929 (1st Cir.1988)).

### DISCUSSION

The Debtor's first argument is that the bankruptcy court erred in granting relief from stay because it failed to weigh factors set forth in a Utah bankruptcy court decision. *See In re Curtis,* 40 B.R. 795, 806 (Bankr.D.Utah 1984). She then argues that the bankruptcy court exhibited poor judicial temperament and bias against her. Third, the Debtor asserts that in granting stay relief on her two properties, the bankruptcy court committed error because Em-

---

5. The transcript of the hearing reflects that the bankruptcy court considered the elements of cause that Emigrant had raised, but did so in the context of deciding whether to grant reconsideration. The bankruptcy court then addressed the Motion as though it were brought under 11 U.S.C. § 362(d)(2). The

parties did not object then and do not raise the issue on appeal.

6. The Debtor did not seek from the bankruptcy court a stay pending appeal, but did file such a motion in this appeal. The Panel denied the request.

igrant had failed to comply with its requirement to file a proof of claim and an accounting. Lastly, the Debtor argues that the promissory note is usurious. In addition to seeking reversal of the Williams Street Order, the Debtor asks for punitive damages.

Emigrant argues that the Debtor lacks standing to appeal because she is now a chapter 7 debtor, citing *Kehoe v. Schindler (In re Kehoe)*, 221 B.R. 285 (1st Cir. BAP 1998), which held that the trustee is the proper person to prosecute appeals on behalf of the estate. Emigrant further argues that the cases upon which the Debtor relies in her brief are inapplicable as they involve cases where there was a reorganization in prospect—not the case here. Emigrant disputes that the bankruptcy judge was biased, and correctly points out that a secured creditor is not required to file a proof of claim.

■ Although pro se litigants "are held to a less stringent procedural standard that others ...," *Nunnally v. MacCausland*, 996 F.2d 1, 6 n. 8 (1st Cir.1993), the Panel does not understand that *Nunnally* granted immunity to pro se litigants from compliance with federal and local rules of practice, and applicable substantive law.

■ On several occasions, the Panel has explained that only a "person aggrieved" has standing to pursue an appeal and that a "person aggrieved" is one whose property is diminished, burdens are increased, or rights are impaired by order on appeal. *See Great Road Serv. Ctr., Inc. v. Golden (In re Great Road Serv. Ctr., Inc.)*, 304 B.R. 547, 551 (1st Cir. BAP

2004); *In re Kehoe*, 221 B.R. at 287–88; *Norway Nat'l Bank v. Goodwin's Discount Furniture, Inc. (In re Goodwin's Discount Furniture, Inc.)*, 16 B.R. 885, 887 (1st Cir. BAP 1982). Generally, an insolvent chapter 7 debtor does not have standing to appeal. *In re El San Juan Hotel*, 809 F.2d 151, 154–55 (1st Cir.1987).[7]

> This is so because under the Code their legal and equitable property interests pass to the bankruptcy estate and all prepetition creditors' claims become estate liabilities. *See* § 541(a) (commencement of case "creates an estate"); § 502 (allowance of claims); *In re El San Juan Hotel*, 809 F.2d at 154 & n. 5 (debtor normally has no interest in the distribution of estate's property); *In re Goodwin's Discount Furniture, Inc.*, 16 B.R. at 887 (same).

*In re Kehoe*, 221 B.R. at 288. The exceptions to the general rule are if the appeal would result in a distribution to the debtor or if the debtor's discharge would be affected. *In re El San Juan Hotel*, 809 F.2d at 154–55.

■ In this case, Emigrant filed the Motion, the Debtor objected while the case was still in chapter 11, and the Motion was heard after the case was converted to chapter 7. The Debtor agrees that there is no equity in the Williams Street Property, she has not argued that a successful appeal would affect her discharge and, indeed, the Panel cannot envision how that could be the case. The Debtor did not appeal the order converting the case, but did appeal the order denying reconsideration of that order. The Debtor has provid-

---

**7.** In this case the estate is insolvent. *See* "Trustee's Final Report and Account Before Distribution ... (*Administratively Insolvent*)". Docket No. 192. "[T]he Panel may take judicial notice of the proceedings in the bankruptcy court." *Hamilton v. Appolon (In re Hamilton)*, 399 B.R. 717, 719 n. 1 (1st Cir. BAP 2009) (citing *Maher v. Hyde*, 272 F.3d 83, 86 n. 3 (1st Cir.2001); *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir.1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.")).

ed no legal authority or factual basis for the Panel to depart from the general rule that she does not have standing to prosecute this appeal. Nevertheless, the Panel will briefly (but only hypothetically) discuss why the Debtor would not prevail, even if we were adjudicating the appeal on the merits.

■ Under 11 U.S.C. § 362(d)(1), a bankruptcy court shall grant relief from the automatic stay for cause, including lack of adequate protection, and under 11 U.S.C. § 362(d)(2), relief may be granted if the debtor lacks equity and the property is not necessary for an effective reorganization. Pursuant to 11 U.S.C. § 362(g), Emigrant had the burden of proof on the issue of equity and the Debtor had the burden of establishing that the Williams Street Property was necessary for an effective reorganization. *See Compass Bank for Sav. v. Graves (In re Graves)*, 212 B.R. 692, 696 (1st Cir. BAP 1997).

■ The Debtor does not dispute that there is no equity in the Williams Street Property, and she clearly failed to support the contention that she could propose a viable plan. The bankruptcy court ruled, based upon Hamilton's failure to propose a confirmable plan in three prior bankruptcies, plus evidence provided by the interested parties regarding the Debtor's income, rents, and failure(s) to comply with the duties of chapter 11 and chapter 7

debtors, there was plainly no viable plan of reorganization in prospect. The bankruptcy judge's ruling on that issue was clearly the correct one.

The Debtor also contends that the bankruptcy judge abused her discretion because she did not follow the factors set forth in *In re Curtis*, 40 B.R. at 806. That case is inapplicable and irrelevant because the court in *Curtis* was addressing a completely unrelated issue—whether cause existed to modify the stay under 11 U.S.C. § 362(d)(1) to allow litigation to proceed against chapter 11 debtors. The Debtor's reliance on *Curtis* in this case is frivolous. The Debtor cites to no other examples of how the bankruptcy court abused its discretion, and the Panel, upon its review of the record, sees no such abuse.[8] The bankruptcy court held a hearing, provided the Debtor ample opportunity to present her arguments, and heard from all of the interested parties. The bankruptcy court's ruling that there was no reorganization in prospect, is consistent with those cases holding that there cannot be a reorganization in prospect in a chapter 7 case. *See, e.g., In re J & M Salupo Dev. Co., Inc.*, 388 B.R. 809, 812–13 (Bankr. N.D.Ohio 2008) ("In a Chapter 7 case, as exists herein, the property is not necessary to a reorganization because the estate's assets are being liquidated in accordance with Chapter 7 provisions.").[9]

---

8. We need not address the Debtor's arguments regarding bias or whether Emigrant was required to file a proof of claim, as she failed to raise those issues in the bankruptcy court. "Absent extraordinary circumstances not present in this case, the Debtors may not raise it for the first time on appeal." *De Jounghe v. Lugo Mender (In re De Jounghe)*, 334 B.R. 760, 766 (1st Cir. BAP 2005) (citing *Sammartano v. Palmas Del Mar Properties, Inc.*, 161 F.3d 96, 97–98 (1st Cir.1998)). Neither will we address the Debtor's contention that the loan was usurious, as that argument misapprehends the nature of relief from stay

litigation. *See Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir.1994).

9. On appeal, the Debtor does not raise an issue with the part of the Williams Street Order that provided for in rem relief. The general rule is that "[a]n order granting in rem relief from stay is an appropriate remedy when a debtor or transferee of a debtor serially files bankruptcy petitions solely to invoke the automatic stay." *Gonzalez–Ruiz v. Doral Fin. Corp. (In re Gonzalez–Ruiz)*, 341 B.R. 371, 384 (1st Cir. BAP 2006). This case has all of the earmarks of such abuse.

*CONCLUSION*

Based upon all of the foregoing, including our overindulgence of the Debtor in addressing the merits of her appeal, it is the conclusion of the Panel that the Debtor lacks standing to prosecute this appeal, and the matter is therefore **DISMISSED.**