752

José Antonio Santiago VÁZQUEZ, a/k/a José A. Santiago Vázquez, a/k/a José Santiago Vázquez, a/k/a José Santiago, a/k/a José A. Santiago, Debtor.

Banco Bilbao Vizcaya Argentaria Puerto Rico, Plaintiff–Appellant,

v.

José Antonio Santiago Vázquez, Defendant–Appellee.

BAP Nos. PR 11–088, PR 11–089.
Bankruptcy No. 09–01574–BKT.
Adversary No. 10–00088–BKT.

United States Bankruptcy Appellate Panel of the First Circuit.

May 25, 2012.

William Santiago Sastre, Esq., on brief for Appellant.

Juan Manuel Suárez Cobo, Esq., San Juan, PR, on brief for Appellee.

Before BOROFF, DEASY, and BAILEY, U.S. Bankruptcy Appellate Panel Judges.

BAILEY, Bankruptcy Judge.

Before this Panel are two appeals by Banco Bilbao Vizcaya Argentaria Puerto Rico ("BBVA") from a total of three bankruptcy court orders. The appeals have been consolidated for briefing and oral argument. In the first, BAP No. PR 11–088, BBVA appeals from an order granting the motion of José Antonio Santiago Vázquez (the "Debtor") for fees and costs (the "Fee Order") and from a related order, set forth in the same document, denying BBVA's motion for an extension of time to file a surreply to the fee motion (the "Surreply Order"). In the second, BAP No. PR 11–089, BBVA appeals from an order denying its motion to amend the Fee Order (the "Reconsideration Order"). For the reasons set forth below, the Panel concludes: (i) the appeal of the Surreply and Fee Orders is untimely and, therefore, must be **DISMISSED;** and (ii) that the bankruptcy court did not abuse its discretion in denying BBVA's motion to amend and there-

fore that the Reconsideration Order must be **AFFIRMED**.

## BACKGROUND

On May 24, 2010, BBVA filed a complaint seeking a denial of the Debtor's discharge (the "Complaint") pursuant to § 727(a)(7) [1] (authorizing denial of discharge where "the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider"). In the Complaint, BBVA explained that the Debtor is the former president and principal stockholder of J & B Enterprises Inc. ("J & B"), which operated a beauty spa. BBVA financed J & B's acquisition of spa equipment via a loan of $345,080, secured by a lien on the equipment. J & B filed a petition for relief under chapter 7 of the Bankruptcy Code in 2005. The chapter 7 trustee in that case abandoned the spa equipment in 2006, and in that same year that case was closed. From 2005 through 2007, BBVA contended, it unsuccessfully attempted to recover the spa equipment. BBVA alleged that the Debtor, as an insider of J & B and with intent to hinder, delay, or defraud BBVA, transferred, removed, destroyed, mutilated or concealed the spa equipment after J & B filed for bankruptcy relief and thereby committed an act specified in § 727(a)(2) in the J & B case, warranting denial of his discharge in this, his own bankruptcy case.

On January 4, 2011, the Debtor filed a motion to dismiss the Complaint (the "Dismissal Motion") for failure to state a claim on which relief could be granted. He argued that the Complaint failed to state a claim on which relief could be granted because, on the facts alleged—specifically, that the J & B trustee abandoned the J & B property in 2006, and that the J & B case was closed in 2006—the Debtor cannot have committed an act specified in § 727(a)(2) in the J & B case on or within one year before March 3, 2009, the date of the filing of the Debtor's bankruptcy petition: at no time in the year before March 3, 2009, did the J & B property remain property of the J & B bankruptcy estate. At the conclusion of the Dismissal Motion, the Debtor requested that the Complaint be dismissed and that costs and attorney's fees be imposed for bringing the Complaint against the Debtor.

Initially, BBVA moved for a one-week extension of time to respond to the Dismissal Motion because it was exploring settlement. The court extended the response deadline as requested, but BBVA never filed a response. On March 7, 2011, the court entered a two-sentence order that granted the Dismissal Motion and ordered the Debtor's attorney to "file a motion stating his attorney's fees and costs." [2]

In accordance with the court's order, on March 24, 2011, the Debtor filed a motion for fees of $7,272.50 and costs of $18.88 (the "Fee Motion"). As justification for the award of fees and costs, the Debtor stated in the Fee Motion only that BBVA's Complaint "was not substantially justified." The Fee Motion did not specify a

---

1. Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Stat. 23, 11 U.S.C. §§ 101, *et seq.*

2. BBVA has not appealed from the order dismissing the Complaint and does not challenge its propriety.

statutory or other legal basis for the requested award of fees. The Debtor further explained that the fees and costs he requested were reasonable, necessary, and actually incurred in defending the Complaint. The Debtor's counsel attached detailed time entries to the Fee Motion.

On April 26, 2011, BBVA filed an opposition to the Fee Motion in which it argued: (1) that, in the absence of bad faith, statutory authorization, or contractual provision, attorney's fees may not be awarded in an adversary proceeding; (2) that although it made a crucial mistake in understanding the relevant law, BBVA did not act in bad faith; and (3) that there exists no statutory or contractual basis for an award of fees. In its opposition, BBVA did not dispute the amount of the fees and costs that the Debtor had requested but, without an explanation as to why further time was required or warranted, asked the court to afford it more time to do so if the court concluded that an award of fees and costs was appropriate at all.

The Debtor moved for leave to file a reply to BBVA's opposition to the Fee Motion, and the court granted leave.[3] In his reply, filed June 15, 2011, the Debtor explained that the Complaint had no basis in law, particularly given BBVA's admissions in its opposition, and the Debtor alleged that, contrary to BBVA's opposition, BBVA had made little attempt to settle the matter. The Debtor further asserted that there was ample authority for the court to impose sanctions; he cited Fed. R. Bankr.P. 9011, 28 U.S.C. § 1927, 11 U.S.C. § 105, and case law that he alleged stands for the proposition that federal courts have the inherent power to sanction misconduct.

On June 22, 2011, BBVA filed a motion to extend the time to file a surreply to July 15, 2011.[4] BBVA alleged that the Debtor's reply contained false factual contentions and that its surreply would respond to these and to the "legal arguments in reference to Rule 11."

On July 1, 2011, before BBVA filed a surreply, the bankruptcy court entered, in a single document, orders that denied BBVA's motion for extension of time to file a surreply and granted the Fee Motion. The court did not at this time issue findings and rulings or any explanation of its reasons for these orders.

On July 14, 2011, BBVA moved under Fed. R. Bankr.P. 7052 for issuance of findings of fact and conclusions of law with respect to the Surreply and Fee Orders (the "Rule 7052 Motion").[5] On August 31, 2011, the court issued a document entitled Opinion and Order (the "Opinion and Order") in which it provided the requested findings and conclusions and amended the Fee Order in two respects: first, by specifying that the fees and costs were being

---

**3.** At oral argument, the parties explained that because the Puerto Rico Local Bankruptcy Rules do not have a rule addressing replies to objections, the U.S. Bankruptcy Court for the District of Puerto Rico applies the local rules of the U.S. District Court for the District of Puerto Rico ("District Rules"). *See* Puerto Rico Local Bankruptcy Rule 1001–1(b). Local Rule 7(c) of the District Rules provides that "[w]ith prior leave of Court and within seven (7) days of the service of any objection to a motion, the moving party may file a reply memorandum, which shall not exceed ten (10) pages in length and which shall be strict-

ly confined to replying to new matters raised in the objection or opposing memorandum."

**4.** By the extension motion, BBVA sought only an extension of the deadline to reply to the Debtor's response. BBVA did not request authority to file a reply pursuant to Local Rule 7(c) with extended deadline. *See* footnote 3, *infra*.

**5.** In relevant part, Fed. R. Bankr.P. 7052 states that Fed.R.Civ.P. 52 applies in adversary proceedings.

assessed against both the plaintiff and its counsel,[6] and second, by setting a 20–day deadline for payment of the fees and costs. In the Opinion, the court set forth the procedural background, including the numerous extensions that BBVA had obtained during the course of the adversary proceeding. The court cited various authorities—Fed. R. Bankr.P. 7054(b), Fed. R. Bankr.P. 9011, 11 U.S.C. § 105, 28 U.S.C. § 1927, and applicable case law—as authorizing the imposition of fees and costs and held that it had "the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct." The court further wrote:

> Relying upon its inherent authority to impose sanctions and in the exercise of its discretion, this court finds that the proper sanction that should be imposed as the minimum necessary to deter future litigation abuse is the reimbursement of the Defendants' reasonable legal expenses generated in defending this groundless action. The imposition of sanctions in the amount of the Defendants' reasonable attorney's fees is necessary to deter future unnecessary litigation and to educate the Plaintiff and her attorney. *In re Allnutt,* 220 B.R. 871 ( [Bankr.D.Md.1998] ).

This Court construed Plaintiff's questionable legal and factual grounds to commence this proceeding and its refusal to reply to Defendant's motion to dismiss as the latent manner in which it unreasonably and vexatiously multiplied the proceedings. Hence, Plaintiff and/or his attorney is required to satisfy the reasonable attorneys' fees and costs incurred because of such conduct in the amount of $7,291.38 within twenty (20) days.

On September 14, 2011, BBVA then filed a motion to amend the judgment (the "Motion to Amend Judgment"). The Debtor filed an opposition to the Motion to Amend Judgment, and BBVA filed a surreply.[7]

On November 4, 2011, the bankruptcy court issued a document, also entitled Opinion and Order (the "Reconsideration Order"), in which it denied the Motion to Amend Judgment and set forth its reasons for doing so. The bankruptcy court explained that in the Motion to Amend Judgment, BBVA had requested simply that it be permitted to satisfy the award for fees and costs by setoff against the balance of Debtor's mortgage debt to BBVA. The court further explained that it was only in its surreply that BBVA further requested "that the Court correct alleged manifest

---

**6.** The Debtor's request for fees and costs did not specify against whom the award should be made: BBVA, its counsel, or both. Nor had the Fee Order specified against whom fees and costs were thereby being assessed.

**7.** BBVA did not designate the Motion to Amend Judgment, the Debtor's opposition, and BBVA's surreply as part of its record on appeal and did not include them in its appendix. Rather, BBVA wrote in its brief that the Motion to Amend Judgment is not part of the appendix "because its content is largely exposed below." Although the Debtor attached a supplementary appendix to his brief that included the Motion to Amend Judgment, the opposition, and the surreply, the supplementary appendix is not an excerpt of the previously designated record, and we must therefore disregard the same. *See* Fed. R. Bankr.P. 8009(b) (appendix consists of excerpts of the record), *see also Perrino v. BAC Home Loans Servicing, LP (In re Trask),* 462 B.R. 268, 276–77 (1st Cir. BAP 2011); *Kyle v. Dye (In re Kyle),* 317 B.R. 390, 394 (9th Cir. BAP 2004) ("an appellee is permitted to file an appendix containing excerpts of the record"), *aff'd,* 170 Fed.Appx. 457 (9th Cir.2006). Although the Motion to Amend Judgment, the opposition, and the surreply are not part of the record on appeal, their essential features were described by the bankruptcy court in the Reconsideration Order, and therefore our ability to effectively review that order is unimpaired.

errors of law and fact under [Fed.R.Civ.P.] 59(e) or [Fed.R.Civ.P. 60(b) ]." Ultimately, the court construed the motion to amend as one under Fed.R.Civ.P. 59(e) (made applicable by Fed. R. Bankr.P. 9023), which, it explained, requires a showing of manifest error of law and fact, newly discovered evidence, manifest injustice, or an intervening change in controlling law. The bankruptcy court also explained that a motion under Fed.R.Civ.P. 59(e) cannot be used to introduce arguments that could and should have been presented earlier.

The court observed that in the surreply, BBVA had argued that the court had erred by entering sanctions for bad faith without clear evidence that the claims were without merit and had been brought in bad faith. In support, BBVA had cited *In re Green,* 422 B.R. 469 (Bankr. S.D.N.Y.2010) (sanctioning chapter 13 lawyer who failed to disclose pre-petition judgment resulting in unnecessary stay motion). The bankruptcy court rejected this argument for reconsideration on the basis that BBVA could have made this argument in its opposition to the Fee Motion but had failed to do so. The court further stated that BBVA had failed to establish a manifest error of law and that it was "unnecessary to re-enter a discussion of the arguments advanced by [BBVA] that were already rejected in the analysis that resulted in the order awarding attorney's fees and costs." For these reasons, the court denied the Motion to Amend Judgment.

On November 18, 2011, BBVA filed two Notices of Appeal. By the first, BAP No. PR 11–088, BBVA appeals from the Surreply and Fee Orders. By the second, BAP No. PR 11–089, BBVA appeals from the Reconsideration Order. BBVA identified three issues on appeal:

1. Whether the bankruptcy court's denial of BBVA's request to allow a surreply induced it to commit manifest errors of law, or to abuse its discretion, by imposing sanctions on BBVA and its attorney.

2. Whether the bankruptcy court had clear evidence to justify the imposition of sanctions.

3. Whether the Surreply Order denied the bankruptcy court the opportunity to rule correctly on a motion to reconsider or set aside its Opinion and Order imposing sanctions on BBVA and its attorney.

### JURISDICTION

The bankruptcy appellate panel has jurisdiction to hear appeals from "final judgments, orders, and decrees" pursuant to 28 U.S.C. § 158(a)(1) or, "with leave of the court, from interlocutory orders and decrees" pursuant to 28 U.S.C. § 158(a)(3). *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). The Panel must satisfy itself that the orders on appeal are final or otherwise appealable and that the appeals from those orders were timely taken.

When it ruled on the Dismissal Motion, the bankruptcy court ordered the Debtor to file a motion for fees and costs. Therefore, that order was not final. By the subsequent Fee Order, the court granted the motion for fees and costs, leaving nothing remaining to resolve the adversary proceeding. Although the court did not issue a judgment, the Fee Order was a final order because it was clear at that point that all matters in the adversary proceeding were resolved and that the court was not going to take any further steps. Likewise, at that point, the Surreply Order became final.

BBVA then timely filed its Rule 7052 Motion, a motion for issuance of findings

and conclusions under Fed.R.Civ.P. 52(b), which tolled the deadline for appealing the Surreply and Fee Orders. *See* Fed. R. Bankr.P. 8002(b)(1). Approximately thirty days after the issuance of the Surreply and Fee Orders, the court issued its Opinion and Order, disposing of the Rule 7052 Motion. BBVA did not then file an appeal of the Surreply and Fee Orders. Rather, within 14 days of the court's issuance of the Opinion and Order, BBVA filed its Motion to Amend Judgment. Only after disposition of that motion did BBVA file the Notices of Appeal.

 "An order denying reconsideration is final if the underlying order is final and together the orders end the litigation on the merits." *Morse v. Earle (In re Earle)*, No. RI 08–014, 2008 WL 8664763, at \*4 (1st Cir. BAP Nov. 18, 2008). The underlying order, the Opinion and Order, was a final order as it was a ruling on a postjudgment motion and served to end the litigation on the merits. Therefore, the Reconsideration Order, too, was a final order. BBVA filed the Notice of Appeal as to the Reconsideration Order within 14 days after the court issued that order. We are therefore satisfied that the appeal from the Reconsideration Order is a timely appeal from a final order and, accordingly, within our jurisdiction.

 Our jurisdiction over the appeal of the Surreply and Fee Orders, however, is more complicated. It is well settled that the time limits established for filing a notice of appeal are "mandatory and jurisdic-tional." *Yamaha Motor Corp. v. Perry Hollow Mgmt. Co., Inc. (In re Perry Hollow Mgmt. Co., Inc.)*, 297 F.3d 34, 38 (1st Cir.2002) (citations omitted); *Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co., LLC)*, 316 B.R. 406, 414 (1st Cir. BAP 2004). If a notice of appeal is not timely filed, the Panel does not have jurisdiction over the appeal, and the appeal will fail. *See Abboud v. The Ground Round, Inc. (The Ground Round, Inc.)*, 335 B.R. 253, 258 (1st Cir. BAP 2005), *aff'd*, 482 F.3d 15 (1st Cir.2007); *In re Shepherds Hill*, 316 B.R. at 414.

Pursuant to Fed. R. Bankr.P. 8001(a) and 8002(a), an appellant must file an appeal within 14 days after the entry of the judgment, order, or decree of the bankruptcy court. Under Bankruptcy Rule 8002(b), however, certain motions will toll the appeal period if timely filed. *See* Fed. R. Bankr.P. 8002(b).[8] To be timely, a motion for reconsideration under Fed. R. Civ. P. 59, as made applicable by Fed. R. Bankr.P. 9023, or a motion for amended or additional findings of fact under Fed. R. Civ. P. 52(b), as made applicable by Fed. R. Bankr.P. 7052, must be filed "no later than 14 days after entry of judgment." *See* Fed. R. Bankr.P. 9023 and 7052.

 In its Notice of Appeal, BBVA contends that the appeal is timely because the deadline to appeal was tolled first by the Rule 7052 Motion and then by the Motion to Amend Judgment. The Panel and the First Circuit have held, however, that where there are successive postjudgment

---

**8.** Fed. R. Bankr.P. 8002(b) provides, in pertinent part:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
> (2) to alter or amend the judgment under Rule 9023 . . . or
> (4) for relief under Rule 9024 if the motion is filed no later than 14 days after the entry of judgment.

Fed. R. Bankr.P. 8002(b).

motions, only the first such motion tolls the time period for filing a notice of appeal with respect to the underlying judgment. *See Colomba v. Solomon (In re Colomba)*, 257 B.R. 368, 370 (1st Cir. BAP 2001) (quoting *Aybar v. Crispin–Reyes*, 118 F.3d 10 (1st Cir.1997)).

In *Aybar*, the appellants timely filed a motion for reconsideration after the judgment issued, and, after the court issued a ruling on reconsideration, they filed a further motion under Fed.R.Civ.P. 52(b) and 59(e) to reconsider and amend. 118 F.3d at 13. Only after the court issued the order on this second postjudgment motion did the appellants file a notice of appeal. *Id.* The First Circuit ruled that the notice of appeal applied to the order disposing of the second postjudgment motion but did not include an appeal of the underlying judgment. Although the first postjudgment motion tolled the appeal period for the judgment, "a subsequent motion for reconsideration served within ten days of the order denying the initial motion for reconsideration but more than ten days after the entry of the original judgment does not toll 'the time for appealing from that judgment.'" *Id.* (citing *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir.1994)).

■ In this case, BBVA timely filed the Rule 7052 Motion, and the bankruptcy court disposed of that motion with its Opinion and Order on August 31, 2011. As a result, the deadline for BBVA to file a notice of appeal of the Surreply and Fee Orders would have been September 14, 2011. Instead, BBVA filed its notice of appeal on November 18—two months la-

ter. Under *Aybar* and *Colomba*, BBVA's appeal of the Surreply and Fee Orders is untimely, and the Panel lacks jurisdiction to consider the appeal.[9] Accordingly, we will dismiss BAP No. PR 11–088 and proceed to consider only the appeal of the Reconsideration Order.

### STANDARD OF REVIEW

■ Appellate courts reviewing decisions of the bankruptcy court generally apply *de novo* review to conclusions of law and the "clearly erroneous" standard to findings of fact. *See Aja v. Emigrant Funding Corp. (In re Aja)*, 442 B.R. 857, 860 (1st Cir. BAP 2011). The Panel reviews a "court's denial of a motion for reconsideration for abuse of discretion.... Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *In re Earle*, 2008 WL 8664763, at *4.

### DISCUSSION

In the Motion to Amend Judgment, BBVA requested amendment of the Fee Order in two respects: first, an amendment permitting BBVA to satisfy the order by setoff instead of by actual payment, and second, (and more fundamentally) reconsideration of the Fee Order itself. The Reconsideration Order denied both. In its appeal from the Reconsideration Order, BBVA does not challenge the denial of leave to satisfy the Fee Order by setoff.[10] Rather, BBVA challenges the Reconsider-

---

9. "Federal courts recognize an exception to the general rule if a grant of the earlier posttrial motion effectively results in a new judgment and the motion to reconsider is filed by the adversely affected party requesting reinstatement of the original judgment." *Larson*

*v. Larson*, 653 N.W.2d 869, 873 (N.D.2002). That exception does not apply here.

10. BBVA's Brief on Appeal at 14 ("The bank is not appealing the court decision to not allow the set off[.]").

ation Order only insofar as it denied reconsideration of the Fee Order itself.

The First Circuit has explained that a motion for reconsideration brought under Fed.R.Civ.P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact. *Aybar v. Crispin–Reyes*, 118 F.3d at 16. "The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)).

In the Reconsideration Order, the bankruptcy court explained that BBVA had moved to amend the Fee Order on the basis that it was an error of law to impose sanctions without having found clear evidence that the Complaint was without merit and was filed in bad faith, meaning with some improper purpose, such as harassment or delay. The bankruptcy court denied reconsideration because BBVA could have presented this argument in its opposition to the Fee Motion.

On appeal, BBVA contends that it was error for the bankruptcy court to deny reconsideration because the bankruptcy court did not have the benefit of the surreply brief that BBVA had hoped to file in response to the Fee Motion. BBVA contends that it was only in the Debtor's response to BBVA's objection to the Fee Motion that BBVA was first presented with the grounds under which the Debtor was seeking sanctions, and then BBVA was denied an extension of time to file a surreply to the Debtor's response. Therefore, BBVA argues, it was only in the Motion to Amend Judgment that it was first able to raise the factual and legal arguments that it advanced in support of that motion. In response to these arguments, the Debtor counters that BBVA failed to establish a manifest error of law that could have entitled it to reconsideration.

Upon review of the record below, we conclude that the bankruptcy judge was correct in ruling that BBVA could have raised its arguments as to clear evidence of bad faith prior to entry of the Fee Order. The Debtor first requested fees in the Dismissal Motion, and BBVA declined the initial opportunity to respond when it failed to file an objection to that motion.[11] Nonetheless, BBVA did take advantage of a second opportunity to interpose its arguments when it filed an opposition to the Fee Motion. In that opposition, it argued that the court could impose fees and costs only upon a showing of bad faith and that BBVA had not acted in bad faith. Although BBVA did not fine tune that argument by asserting that the court was required to find *clear evidence* of bad faith, or by defining the specific requirements of bad faith, it did raise the issue of bad faith. It thus appears that, notwithstanding the court's denial of leave to file a surreply, BBVA had two previous opportunities to raise the arguments that it sought to make for the first time in the Motion to Amend Judgment. Moreover, BBVA took advantage of one of those opportunities by actually arguing that bad faith was required and lacking. The bankruptcy court's deni-

---

11. BBVA stated in a number of places, both on appeal and below, that when he ordered the Debtor to file a fee application, the bankruptcy judge was raising the fee issue *sua sponte*. This plainly is incorrect. In the Motion to Dismiss, the Debtor had requested that fees and costs be imposed for BBVA's bringing the Complaint against the Debtor. The court's directive to the Debtor to "file a motion stating his attorney's fees and costs" followed upon this request.

al of BBVA's request to extend the deadline to file a surreply brief was not an impediment to BBVA's raising the issues advanced for the first time on reconsideration. Therefore, in denying reconsideration, the bankruptcy court correctly applied the foregoing First Circuit precedent against a second bite at the apple: litigants may not use Fed.R.Civ.P. 59(e) to advance arguments they could have made earlier. The bankruptcy court did not abuse its discretion in denying to BBVA yet another opportunity to be heard.

## CONCLUSION

For the reasons set forth above, the Panel **DISMISSES** the appeal from the Fee and Surreply Orders in BAP No. PR 11–088 as untimely and, in BAP No. PR 11–089, **AFFIRMS** the Reconsideration Order.