871 F.2d 1097
 10 U.S.P.Q.2d 1639
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GAREL SKATEBIKE INTERNATIONAL, INC., Plaintiff-Appellant,
v.
LERUN INDUSTRIES, INC. and Bert Bedrosian, Defendants-Appellees.
 No. 89-1054.
 United States Court of Appeals, Federal Circuit.
 March 27, 1989.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and RE, Chief Judge, United States Court of International Trade, sitting by designation.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The amended order of the United States District Court for the Eastern District of Michigan, denying the motion of the appellant Garel Skatebike International, Inc. (Garel Skatebike) for a preliminary injunction against infringement of Garel Skatebike's U.S. Patent No. 4,417,743, is affirmed.
 
 OPINION
 
 2
 * The patent covers a novel adult tricycle that permits the rider to steer the unit without the use of his or her arms. Following the issuance of the patent, Garel licensed the appellee Bedrosian to manufacture and sell the patented tricycle in specified areas. The parties became embroiled in a dispute whether the license had been terminated, and the licensee filed suit against the appellant for breach of contract and alleged torts. The appellant filed a counterclaim for patent infringement and sought a preliminary injunction against the further manufacture and sale by the appellees of the allegedly infringing tricycles.
 
 
 3
 The district court denied a preliminary injunction. In an oral opinion, the court held that it could not find (1) that there was "a reasonable probability" that the appellant was "going to establish validity and infringement of the patent" or (2) that the appellant would sustain irreparable damage if the preliminary injunction were not granted.
 
 II
 
 4
 The grant or denial of a preliminary injunction is within the discretion of the district court. Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1578, 219 USPQ 686, 690 (Fed.Cir.), cert. denied, 464 U.S. 996 (1983); 35 U.S.C. Sec. 283. An appellant bears a "heavy burden of showing that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence." Id. at 1579.
 
 
 5
 We conclude that the district court's finding that the appellant had not shown that it would suffer irreparable injury if the injunction were denied is not clearly erroneous. We therefore find it unnecessary to consider the other ground upon which the district court based its denial of a preliminary injunction, namely, that the appellant had not shown a reasonable likelihood of success on the merits. We hold that the district court did not abuse its discretion or commit any legal error in denying a preliminary injunction.
 
 
 6
 The record shows that the appellant has not manufactured or sold any of the patented tricycles in this country, has no manufacturing facilities to produce the product, and has no arrangement for the manufacture of the product abroad. As the district court correctly pointed out, the appellant is "not losing market share at this point." The granting of a preliminary injunction would not preserve the status quo as it was when the patent counterclaim was filed, but would drastically change it.
 
 
 7
 The appellant contends, however, that because it made "a strong showing of validity and infringement," irreparable injury is presumed and no separate showing of irreparable injury was required to entitle it to a preliminary injunction. That is not the law in this court.
 
 
 8
 We have held that "[o]nce the patentee's patents have been held to be valid and infringed, he [or she] should be entitled to the full enjoyment and protection of his [or her] patent rights," and "immediate irreparable harm is presumed." Id. at 1581 (footnote omitted). In this case, however, the appellant's patent has not been held to be valid and infringed; instead, the district court concluded that the appellant was unlikely to prevail on those issues. There is therefore no presumption of irreparable injury, and to be entitled to a preliminary injunction, the appellant was required to prove irreparable injury. The appellant having failed to do so, the district court did not abuse its discretion in denying a preliminary injunction.