PEOPLE'S UNITED EQUIPMENT FINANCE CORPORATION, formerly known as Financial Federal Credit Incorporated, Plaintiff–Appellee,

v.

Bruce E. HARTMANN; Terry M. Hartmann, Defendants–Appellants.

No. 10–20875

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 2011.

Robert Grawl, Jr., Esq., Assistant General Counsel, People's United Equipment Finance Corporation, Houston, TX, for Plaintiff–Appellee.

Bruce E. Hartmann, Batavia, IL, pro se.

Terry M. Hartmann, Naples, FL, pro se.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Defendants–Appellants Bruce E. Hartmann and Terry M. Hartmann (collectively, "Appellants") appeal the district court's denial of a motion to dismiss for insufficient service of process and its grant of summary judgment in favor of Plaintiff–Appellee People's United Equipment Finance Corporation ("PUEFC"). We affirm the judgment of the district court.

## I. FACTS AND PROCEEDINGS

PUEFC, formerly known as Federal Financial Credit, Inc., is a commercial finance company specializing in the financing and leasing of construction, transportation, and refuse equipment. In 2007, Mid–States Express, Inc. ("Express") refinanced with PUEFC seventeen outstanding obligations, all of which were then in default. In exchange for the refinancing, PUEFC received from Express a promissory note (the "Note") in the amount of $7,027,664.00 and a security interest in Express's assets (the "collateral").

Prior to the 2007 refinancing, Appellants each executed and tendered to PUEFC a continuing guaranty agreement as an inducement to PUEFC to provide further financing to Express. Appellants agreed in these guaranties to be directly and unconditionally liable for the payment and performance of Express's obligations to PUEFC. In December 2008, Express defaulted on the Note. Upon default, PUEFC took possession of the collateral and disposed of it at seven public sales in September and October 2009 after sending notices of disposition to Appellants and other prospective buyers.

PUEFC sold the collateral for an aggregate price of $1,711,250.00 and incurred $206,826.81 in expenses for advertising, preparing, and conducting the sales. After crediting the proceeds of the public sales and other applicable sums, a balance of $4,012,233.75 remained due, plus attorneys' fees, interest and late charges. Appellants refused to pay and PUEFC initiated this lawsuit. The district court granted summary judgment for PUEFC and this appeal followed.

## II. DISCUSSION

■ As an initial matter, Appellants fail to support the contentions in their brief with "citations to the authorities and parts of the record on which [they] rely," as

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

required by Rule 28(a) of the Federal Rules of Appellate Procedure. Although this court "liberally construe[s] briefs of *pro se* litigants and appl[ies] less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir.1995). However, this court has discretion to consider a noncompliant brief when the deficient brief does not prejudice the opposing party. *Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1028 (5th Cir.1988). Because PUEFC addresses all relevant issues on appeal, we find no prejudice and proceed to consider each issue in turn.

## A. Motion to Dismiss for Insufficient Service of Process

■ Appellants first contend that the district court erred in denying their motion to dismiss as to Bruce Hartmann because neither he nor his wife were present at the time of service, contrary to the process server's declaration. We review the denial of Appellants' motion to dismiss for insufficient service for an abuse of discretion. *Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 645 (5th Cir.1994). When service of process is challenged, the serving party bears the burden of establishing its validity. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir.1981). The general rule is that "[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *See O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993) (internal quotation marks omitted); *see also Nabulsi v. Nahyan,* No. H–06–2683, 2009 WL 1658017, at *4 (S.D.Tex. June 12, 2009) (citing the general rule in *O'Brien* ). Here, PUEFC filed a return of service, in which the process server, Jeremy Daniel

of Guaranteed Subpoena Services, Inc., declared under penalty of perjury that copies of the summons and complaint were left at Bruce Hartmann's home with his wife, Mary Hartmann, a person of suitable age and discretion properly served under Fed. R.Civ.P. 4(e). Bruce Hartmann submitted to the district court only an un-notarized affidavit claiming that no service was made on him or his wife. An additional affidavit from Mary Hartmann, included with Appellants' brief on appeal, may not be considered by this court because it is not part of the record on appeal. *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC,* 578 F.3d 255, 262 (5th Cir. 2009). Other than the un-notarized affidavit, the district court had nothing in the record before it to establish PUEFC's failure to serve Bruce Hartmann. Therefore, the district court did not abuse its discretion in denying Appellants' motion to dismiss as to Bruce Hartmann.

■ Appellants further contend that the district court erred in denying their motion to dismiss because PUEFC failed to serve Terry Hartmann within 120 days after filing its complaint. What Appellants fail to address, however, is that the district court extended PUEFC's time to serve Terry Hartmann beyond 120 days upon finding good cause. As support for the good cause determination, the district court noted that PUEFC made numerous attempts to serve Terry Hartmann, and had informed the district court on at least two occasions of its inability to do so. Appellants failed to rebut this determination of good cause. "If good cause is present, the district court *must* extend time for service." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996) (emphasis in original); *see also* Fed.R.Civ.P. 4(m). The record establishes that PUEFC served Terry Hartmann on November 5, 2009, by leaving copies of the summons and complaint at

his home with his wife, Barbara Hartmann, and filed the return of service with the district court on December 2, 2009, twenty-six days before the rescheduled service deadline. On this record, the district court did not abuse its discretion in denying Appellants' motion to dismiss as to Terry Hartmann.

## B. Summary Judgment

Appellants dispute the sufficiency of PUEFC's notice of disposition, the commercial reasonableness of PUEFC's public sales, and their liability for the deficiency owed. We review the district court's grant of summary judgment *de novo*. *Apache Corp. v. W & T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir.2010). Summary judgment is appropriate when the pleadings and record show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

■ First, Appellants contend that PUEFC was required to provide "an accurate accounting and valuation of all the collateral" to fulfill its notice obligations, but cite no statutes or case law in support of this proposition. The statutory provision that comes closest to supporting Appellants' argument requires only that a notice of disposition inform the debtor that he is entitled to an accounting of the unpaid indebtedness—not a valuation of the collateral—and state the charge, if any, for such an accounting. *See* 810 Ill. Comp. Stat. 5/9–613(1); Tex. Bus. & Com.Code § 9.613(1).[1] PUEFC provided uncontroverted evidence in the district court that it sent notices with the statutorily required information to both Bruce and Terry Hartmann. Therefore, the district court did not err in granting summary judgment on this issue.

■ Second, Appellants assert, without proffering any relevant legal authority, that PUEFC's public sales were unreasonable because the equipment prices were too low and PUEFC was the only buyer present. These arguments are without merit. A sale of collateral is commercially reasonable if it is made "in the usual manner on any recognized market; at the price current in any recognized market at the time of the disposition; or otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition." 810 Ill. Comp. Stat. 5/9–627(b); Tex. Bus & Com.Code § 9.627(b). PUEFC provided uncontroverted evidence that the public sales of the equipment were conducted in accordance with industry standards, and further, that the prices at which the equipment sold were supported by various pricing resources and represented the equipment's fair market value as of the dates of sale. The pricing printouts submitted with Appellants' brief purporting to establish the unreasonableness of PUEFC's prices are not part of the record on appeal and may not be considered by this court. *Tradewinds*, 578 F.3d at 262. Accordingly, the district court did not err in determining the sales were commercially reasonable.

■ Finally, Appellants contend that they are not liable for the remaining balance due on the Note because the guaran-

---

1. The guaranties provide that the law of the state of Appellants' location shall govern the parties' agreements, unless one or more terms of the guaranties would be invalid or unenforceable under that state's laws, in which case the law of the state of PUEFC's location would govern. It is undisputed that Appellants' location is Illinois and PUEFC's location is Texas. The district court made no determination as to which state's law would govern and analyzed the parties' arguments under both Illinois and Texas law. We do the same.

ties are invalid in that each contains only the obligor's signature and no witness or co-signer's signature. Again, Appellants cite no statutes or case law in support of this proposition. The statute of frauds requires only that a guaranty be "in writing and signed by the person to be charged with the promise" to be enforceable. Tex. Bus & Com.Code § 26.01(a), (b); *accord* 740 Ill. Comp. Stat. 80/1. It is undisputed that Appellants each signed their respective guaranty agreements, which provide that the guarantor's liability to PUEFC is "direct and unconditional" for the payment and performance of all of Express's obligations, including interest, reasonable costs, and attorneys' fees. Thus, the district court did not err in granting summary judgment on the issue of Appellants' liability.

### III. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.