**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

———————————————————

**BAP NO. MB 20-003**

———————————————————

**Bankruptcy Case No. 17-12526-FJB**

———————————————————

**GINGER SIRIKANJANACHAI,**
a/k/a Wanpen Florentine, a/k/a Penny Collins Siridee,
**Debtor.**

———————————————————

**GINGER SIRIKANJANACHAI,**
**Appellant,**

**v.**

**COMMONWEALTH OF MASSACHUSETTS,**
**Appellee.**

———————————————————

**Before**
**Godoy, Cabán, and Finkle,**
**United States Bankruptcy Appellate Panel Judges.**

———————————————————

Ginger Sirikanjanachai, pro se, on brief for Appellant.
No brief submitted for Appellee.

———————————————————

**December 21, 2020**

———————————————————

**Godoy, Chief U.S. Bankruptcy Appellate Panel Judge.**

Ginger Sirikanjanachai (the "Debtor") appeals pro se from the bankruptcy court's order denying her motion to reconsider the order denying her amended motion to avoid a purported judicial lien. For the reasons discussed below, we **SUMMARILY AFFIRM**.

## BACKGROUND[1]

The Debtor filed a chapter 7 petition in July 2017, and received her discharge in January 2018. On her petition, the Debtor stated she lived at 23 Ridgewood Crossing, Hingham, Massachusetts (the "Ridgewood Crossing Property"). On Schedule A/B, the Debtor disclosed that she owned the Ridgewood Crossing Property and valued it at $181,750. She did not indicate any other ownership interests in real estate. On her Schedule C, the Debtor claimed a homestead exemption in the Ridgewood Crossing Property.

In July 2019, the Debtor filed an amended motion to avoid the judicial lien (the "Lien Avoidance Motion") of the Commonwealth of Massachusetts (the "Commonwealth"), asserting that the Commonwealth held a $50,000 "judicial lien" on the Ridgewood Crossing Property which should be avoided under § 522(f).[2] Representing that the Commonwealth obtained the underlying judgment in June 2017 in an action commenced against her in the district court for

---

[1] The facts set forth herein are gleaned primarily from the bankruptcy court's docket as the Debtor's appendix is of limited utility and the Commonwealth did not file a brief or appendix. See U.S. Bank N.A. v. Blais (In re Blais), 512 B.R. 727, 730 n.2 (B.A.P. 1st Cir. 2014) (stating the Panel "may take judicial notice of the bankruptcy court's docket and imaged papers").

[2] All references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Rule" are to the Federal Rules of Civil Procedure, and all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

Massachusetts, the Debtor argued that the judgment: (1) constituted "a judicial lien 'fixed' upon [her] interest[ ] in the property"; and (2) impaired her homestead exemption under Massachusetts law. Accordingly, she asked the bankruptcy court to avoid the judicial lien in its entirety.

In an objection to the Lien Avoidance Motion, the Commonwealth asserted that the Debtor, in effect, was seeking to "recover $50,000 in penalties paid to the Commonwealth" which she claimed was protected by the Massachusetts Homestead Act. The Commonwealth argued: (1) the Debtor had failed to commence an adversary proceeding as required for the requested relief; and (2) the motion was "factually inaccurate and legally meritless" as "there never was a purported 'judicial lien' pending on the $50,000 in issue." Attempting to clarify the basis of the asserted judicial lien, the Commonwealth explained that it had filed a complaint against the Debtor in state court for her violations of the Massachusetts False Claims Act. The state court granted the Commonwealth's motion for an attachment of all real property owned by the Debtor in the amount of $55,000. Thereafter, a writ of attachment for $55,000 was filed in the Registry of Deeds applicable to all property interests held by the Debtor including, but not limited to, the real estate located at 11 Crooked Meadow Lane, Hingham (the "Crooked Meadow Property"). The Commonwealth elaborated:

> Months later, on December 22, 2014, the Debtor, in her capacity as trustee of the Eleven Crooked Meadow Realty Trust, sold one of her properties located at 11 Crooked Meadow Lane . . . for $1,092,500. . . . From that sale, $55,000 was disbursed to the Plymouth County Sheriff's Department pursuant to the writ of attachment and held in escrow. Subsequently, on December 24, 2014, the Plymouth County Sheriff's Department filed a "Dissolution of Attachment." . . . That document stated that the "Plymouth County Sheriff's Department has received funds in the amount of Fifty-Five thousand dollars ($55,000) which is the amount agreed upon by all parties.

3

The state court entered judgment in favor of the Commonwealth on June 26, 2017 and, as part of that judgment, ordered the Sheriff of Plymouth County to release the $50,000 held in escrow (the "escrow fund") to the Commonwealth. The Commonwealth further explained:

> Approximately one week later, on July 3, 2017, the Debtor filed a Chapter 7 bankruptcy petition . . . .
>
> On July 25, 2017, the Debtor filed a notice of appeal in the Superior Court litigation. . . . On October 31, 2018, the Appeals Court affirmed the judgment of the Superior Court . . . .

Based on the foregoing, the Commonwealth challenged the Debtor's claim that the escrow fund was "somehow derived from the sale of her residence" at the Ridgewood Crossing Property. The Commonwealth insisted that the escrow fund resulted from the sale of the Crooked Meadow Property and "was not the Debtor's property at the time she filed for bankruptcy on July 3, 2017" because the Superior Court had previously ordered the Plymouth County Sheriff's Office to release the fund to the Commonwealth.

After a hearing, the bankruptcy court entered an order on October 1, 2019, denying the Lien Avoidance Motion as moot (the "Order Denying Lien Avoidance Motion"). That order provided:

> The debtor seeks to avoid a judicial lien in favor of the Commonwealth of Massachusetts. She clarified at the hearing that the asset in question is some $55,000 in proceeds from the sale of non-exempt property. The Commonwealth clarified at the hearing that the lien arises from a judgment and that the judgment has been satisfied. Thus, there is no obligation to which the lien attaches. Hence, the motion to avoid the lien is moot.

Three days later, the Commonwealth's counsel reported to the court that he had learned, contrary to his earlier representations in court, the escrow fund was not actually released to the

4

Commonwealth until October 2, 2019—the day after the hearing on the Lien Avoidance Motion. He nonetheless maintained that, "as of the petition date, the Commonwealth held no attachment against any real property belonging to the Debtor's estate, and had held no such attachment for more than two years." The Debtor filed a motion to reconsider the Order Denying Lien Avoidance Motion (the "Motion to Reconsider") on the grounds of the Commonwealth's misstatement concerning the disbursement date of the escrow fund.

Following a hearing, the bankruptcy court entered its January 3, 2020 order denying the Motion to Reconsider (the "Order Denying Reconsideration"). Treating the Motion to Reconsider as one under Rule 60(b), made applicable by Bankruptcy Rule 9024, the court explained in its accompanying memorandum of decision:

> Although the Order [Denying Lien Avoidance Motion] was premised on information provided by the Commonwealth that the Commonwealth then promptly reported was inaccurate, and therefore the motion may not have been moot when the Order entered, . . . the Order was also justified by dispositive defects in the merits of the [Lien Avoidance] Motion, and accordingly the Motion must be denied.

The court further observed that the escrow fund "ha[d] apparently now been disbursed, and the [Lien Avoidance] Motion [wa]s therefore no less moot now than the Court believed it to be when the Court first denied it."

With respect to the merits of the underlying Lien Avoidance Motion, the court first ruled that the escrow fund did not constitute a lien on the Ridgewood Crossing Property, the Debtor's homestead. Rather, the court concluded, "the lien in question is the Commonwealth's rights under the state court's escrow order, preserving the proceeds of another property to satisfy the judgment the Commonwealth then anticipated obtaining." The court added: "To contend that the

5

Commonwealth's interest in the escrow [fund] is somehow a lien on the [Ridgewood Crossing Property] is simply wrong and nonsensical." As a second ground for denying the Lien Avoidance Motion, the court stated the Debtor was "judicially estopped" from asserting an interest in the escrow fund because she failed to disclose that alleged interest in her schedules. Accordingly, the bankruptcy court concluded the Motion to Reconsider "must be denied."

This appeal followed.

## JURISDICTION

We have jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a), (c); see also Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020); Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015). An "order denying reconsideration is final if the underlying order is final and together the orders end the litigation on the merits." Nieves Guzmán v. Wiscovitch Rentas (In re Nieves Guzmán), 567 B.R. 854, 861 (B.A.P. 1st Cir. 2017) (citation omitted) (internal quotation marks omitted). An order denying a debtor's motion to avoid a lien is a final order. Snyder v. Rockland Tr. Co. (In re Snyder), 279 B.R. 1, 2 (B.A.P. 1st Cir. 2002) (citations omitted); see also Hansen v. Green Tree Servicing, LLC (In re Hansen), 332 B.R. 8, 9 n.3 (B.A.P. 10th Cir. 2005) (citations omitted). Therefore, the Order Denying Reconsideration is final, and we have jurisdiction to hear this appeal.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 496 (B.A.P. 1st Cir. 2016) (citation omitted). We review a decision to grant or deny a motion for reconsideration under Rule 60(b) for manifest abuse of discretion. Ross v. Garcia (In re Garcia),

6

532 B.R. 173, 181 (B.A.P. 1st Cir. 2015) (citing <u>Ruiz Rivera v. Pfizer Pharm., LLC</u>, 521 F.3d 76, 81 (1st Cir. 2008)).

**DISCUSSION**

**I.      The Standards**

**A.      The 60(b) Standard**

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" on grounds enumerated therein.  Although the bankruptcy court did not identify the subsection of Rule 60(b) which provided the basis for its ruling, we treat the Order Denying Reconsideration as a determination under Rule 60(b)(6), which authorizes relief from a final judgment for "any . . . reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b) is "extraordinary in nature" and "should be granted sparingly."  <u>Karak v. Bursaw Oil Corp.</u>, 288 F.3d 15, 19 (1st Cir. 2002) (citations omitted).  Generally, the movant is required under Rule 60(b)(6) to demonstrate that "exceptional circumstances justifying extraordinary relief exist" and that the movant has a "meritorious claim."  <u>In re Garcia</u>, 532 B.R. at 182 (citation omitted).

**B.      Lien Avoidance under § 522(f)**

"Section 522(f) allows a debtor to avoid a lien attaching to the debtor's interest in property to the extent that the lien impairs an exemption the debtor is entitled to claim."  <u>Id.</u> at 183 (citation omitted) (internal quotation marks omitted).  Whether a lien impairs an exemption is determined "by way of a simple equation."  <u>Id.</u>  (citations omitted).  For purposes of § 522(f), a lien is considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Id. (quoting 11 U.S.C. § 522(f)(2)(A)).

### C.     Appellant's Burden on Appeal

"On appeal, the burden is on the appellant to prove that the bankruptcy court's judgment should be reversed." Ross v. Educ. Credit Mgmt. Corp. (In re Ross), BAP No. MW 03-085, 2004 WL 6030762, at *2 (B.A.P 1st Cir. June 4, 2004) (citing In re Cook, 72 B.R. 976 (W.D. Mo. 1987); Espiefs v. Settle, 14 B.R. 280 (D.N.H. 1981)). "An appellant bears a 'heavy burden of showing that the [lower] court abused its discretion, committed an error of law, or seriously misjudged the evidence.'" Garel Skatebike Int'l, Inc. v. Lerun Indus., Inc., No. 89-1054, 1989 WL 26834, at *1 (Fed. Cir. Mar. 27, 1989) (citation omitted); see also Whitcomb v. Smith (In re Smith), 572 B.R. 1, 18 (B.A.P. 1st Cir. 2017) ("[A]n appellant bears the heavy burden of showing that evidentiary rulings were manifestly erroneous.") (citation omitted) (internal quotation marks omitted).

## II.     Threshold Issue: The Debtor's Failure to Submit an Adequate Brief

As a threshold matter, we are confronted with an opening brief that is seriously deficient. The Debtor has failed to comply with Bankruptcy Rule 8014, which provides that "[t]he appellant's brief must contain," inter alia: (1) "a jurisdictional statement," including the basis for the bankruptcy court's subject-matter jurisdiction and the basis for the BAP's jurisdiction; (2) "a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;" (3) "a concise statement of the case setting out the facts relevant to the issues submitted for review, . . . with appropriate references to the record;" (4) "a summary

8

of the argument"; and (5) "the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Fed. R. Bankr. P. 8014(a)(4)-(8); <u>see also</u> 1st Cir. BAP L.R. 8014-1 (regarding briefing requirements). Bankruptcy Rule 8014 is written in mandatory terms, stating the appellant's brief "must contain" the specified information. <u>See</u> Fed. R. Bankr. P. 8014; <u>see also</u> <u>Cmty. Commerce Bank v. O'Brien (In re O'Brien)</u>, 312 F.3d 1135, 1136 (9th Cir. 2002) (describing the counterpart to Bankruptcy Rule 8014—Fed. R. App. P. 28—as "quite clear" in its "mandatory terms"); <u>Sioson v. Knights of Columbus</u>, 303 F.3d 458, 459 (2d Cir. 2002) (also describing briefing requirements as "mandatory").

The Debtor's brief fails to comply with Bankruptcy Rule 8014 in several respects. First, it fails to squarely identify the issue on appeal or the controlling law. Second, the brief is largely devoid of useful references to the record. Third, while the brief does include a list of authorities, their relevance, if any, to the appealed order is unclear. Fourth, there is no reference to the basis of the Panel's jurisdiction. Fifth, the brief lacks a statement concerning the applicable standard of review. Sixth, the brief lacks "a concise statement of the case" and a succinct "summary of the argument."

But most significantly, the Debtor's brief fails to raise any arguments whatsoever about the bankruptcy court's ruling and fails to specify how the court erred. The brief is silent regarding the applicable legal standards and most of the facts framed above. Moreover, the Debtor attempts to rehash her grievances against the Commonwealth stemming from a previous criminal action brought against her, and appears to revisit the district court litigation which gave rise to the civil judgment which is the subject of the Lien Avoidance Motion. It is impossible to

determine precisely what issue(s) the Debtor seeks to appeal. Although this appeal is taken from the Order Denying Reconsideration of the Lien Avoidance Motion, it appears from the Conclusion section of her brief that the Debtor seeks relief from the state court judgment debt itself. In that section, the Debtor "requests the petition for reconsideration of the Commonwealth's judgment debt be granted . . . ."

The Debtor's appendix is equally problematic. In violation of Bankruptcy Rule 8009(a)(4), the Debtor failed to furnish: the "docket entries kept by the bankruptcy clerk;" "the notice of appeal;" and "any opinion, findings of fact, and conclusions of law relating to the issues on appeal," including the Order Denying Lien Avoidance Motion. Fed. R. Bankr. P. 8009(a)(4). Although the Debtor's appendix consists of 12 documents, some of these materials appear to have no bearing on the appealed order.

"An appellate court may, in its discretion, deem an argument waived if it is not presented in accordance with Bankruptcy Rule [8014]." In re Ross, 2004 WL 6030762, at *3 (citing Brewer v. Erwin & Erwin, P.C. (In re Marquam Inv. Corp.), 942 F.2d 1462, 1467 (9th Cir. 1991); Joelson v. Brown (In re Brown Family Farms, Inc.), 872 F.2d 139, 142 (6th Cir. 1989)); see also Town of Hingham v. Sirikanjanachai (In re Sirikanjanachai), BAP No. MB 18-059, 2019 WL 6605858, at *3 (B.A.P. 1st Cir. Dec. 4, 2019) (where the Panel summarily affirmed on waiver grounds due to appellant's deficient brief).[3] Moreover, it is well established in the

---

[3] In addition, some courts, including the U.S. Court of Appeals for the First Circuit, have concluded that failure to comply with briefing rules may be grounds for dismissal of a bankruptcy appeal. See, e.g., González-Pagán v. Veterans Affairs Med. Ctr., No. 18-1323, 2020 WL 5550991, at *2 (1st Cir. Jun. 23, 2020) (stating "[s]ubstantial noncompliance with important appellate rules, in and of itself, constitutes sufficient cause to dismiss an appeal" ) (citation omitted); Ehrlich v. Commercial Factors of Atlanta, 567 B.R. 684, 691 (N.D.N.Y. 2017) ("Failure to comply with [Bankruptcy] Rule 8014(a) is grounds for dismissing a bankruptcy appeal.") (citation omited). Moreover, courts have discretion to consider a noncompliant brief when the deficient brief does not prejudice the opposing party. People's United Equip. Fin. Corp. v. Hartmann, 447 F. App'x 522, 524 (5th Cir. 2011); see also Johnson v. Rosier, 578 F.

First Circuit that failure to brief an issue waives the issue.  United States v. Bayard, 642 F.3d 59, 63 (1st Cir. 2011); see also Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 36 (1st Cir. 1994) ("[I]ssues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [will be] deemed waived for purposes of appeal."); Wiscovitch-Rentas v. Banco Popular de P.R. (In re Cruz Rivera), 600 B.R. 132, 137 (B.A.P. 1st Cir. 2019) (same).  As with briefing inadequacies, the failure to present a sufficient record can also serve as a basis for summary affirmance.  In re O'Brien, 312 F.3d at 1137 (citations omitted).

The Debtor's failure to comply with the rules of briefing and presenting a record on appeal, including her failure to raise any meaningful arguments or substantive legal claims, precludes our review of the Order Denying Reconsideration.  As we previously explained:

> It is not the duty of this Panel to develop the Debtor's arguments for [her], find the legal authority to support those arguments, or guess at what part of the record may be relevant.  See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1189 (9th Cir. 2003).  At the very least, the Debtor had to demonstrate a reasonable basis for reversing the trial court and entering judgment in [her] favor.  Because [s]he has not, we simply cannot conclude that the bankruptcy court's findings were erroneous.

In re Ross, 2004 WL 6030762, at *4.

In light of the foregoing, we summarily affirm the bankruptcy court's order.  See 1st Cir. BAP L.R. 8013-1(c)(2) (authorizing summary disposition, including affirmance, "if it appears that no substantial question is presented").  The Debtor's pro se status does not change our analysis.  While pro se litigants are held to a less stringent procedural standard than others, they

---

App'x 928, 930 (11th Cir. 2014).  As it has opted not to file a brief, we discern no prejudice to the Commonwealth by exercising our discretion to consider the Debtor's brief rather than to dismiss the appeal on the grounds of a noncompliant brief.

are not granted immunity from compliance with procedural and substantive law.  <u>Aja v. Emigrant Funding Corp. (In re Aja)</u>, 442 B.R. 857, 861 (B.A.P. 1st Cir. 2011); <u>see also</u> <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 140 (1st Cir. 1985) ("The right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'") (citation omitted).  As we recently stated, Bankruptcy Rule 8014 "is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal." <u>In re Sirikanjanachai</u>, 2019 WL 6605858, at *3 (quoting <u>In re Ross</u>, 2004 WL 6030762, at *3); <u>see also</u> <u>In re Gulph Woods Corp.</u>, 189 B.R. 320, 323 (E.D. Pa. 1995).  Surveying the totality of the Debtor's arguments and reading them with the required latitude, it is impossible to discern any basis for disturbing the bankruptcy court's ruling.  In short, the Debtor has failed to satisfy her burden of persuasion.

## CONCLUSION

For the above reasons, we summarily **AFFIRM**.

12