FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 20-011**

---

**Bankruptcy Case No. 17-40675-EDK**
**Adversary Proceeding No. 17-04055-EDK**

---

**JOVEL ORTEGA,**
**Debtor.**

---

**WILLIAM K. HARRINGTON, United States Trustee,**
**Plaintiff-Appellee,**

**v.**

**HOMAYOUN MAALI,**
**Defendant-Appellant.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**(Elizabeth D. Katz, U.S. Bankruptcy Judge)**

---

**Before**
**Lamoutte, Cabán, and Fagone,**
**United States Bankruptcy Appellate Panel Judges.**

---

**Homayoun Maali, Pro Se, on brief for Defendant-Appellant.**
**Ramona D. Elliott, Esq., P. Matthew Sutko, Esq., Sumi Sakata, Esq.,**
**Eric K. Bradford, Esq., and Stephen E. Meunier, Esq., on brief for Plaintiff-Appellee.**

---

**July 28, 2021**

---

**Lamoutte, U.S. Bankruptcy Appellate Panel Judge.**

Homayoun Maali ("Maali") appeals pro se from the judgment entered against him imposing fines, sanctions, and injunctive relief for his repeated violations of § 110 of the Bankruptcy Code while acting as a bankruptcy petition preparer on behalf of the chapter 7 debtor, Jovel Ortega ("Ortega").[1]  For the reasons discussed below, we **AFFIRM**.

## BACKGROUND

### I.      The Bankruptcy Filings

While working as a vehicle salesman in early 2017, Ortega learned that one of his customers had filed for bankruptcy with the assistance of someone named "Papa."  Ortega then contacted "Papa" (later identified as Maali) and met him at a store in Salem, New Hampshire.  At their meeting, Maali, who is not a licensed attorney, explained the difference between a chapter 7 and chapter 13 bankruptcy case, advised Ortega he should file under chapter 7, and indicated he needed Ortega's signature on the blank bankruptcy schedules and statements and he would then complete the paperwork on Ortega's behalf.  Ortega signed the bankruptcy documents in blank and paid Maali $1,200 in cash.

On March 27, 2017, Maali filed a chapter 7 petition on Ortega's behalf.  The petition indicated Ortega was filing pro se and that he had not paid anyone for assistance in preparing his bankruptcy documents.  It was not accompanied by a petition preparer certification or a "Bankruptcy Petition Preparer's Notice, Declaration, and Signature" (Official Form 119).  Nor did it contain Maali's signature, name, address, or Social Security number.  The case was dismissed on April 11, 2017, for failure to file required documents by a court-ordered deadline.

---

[1]  Unless expressly stated otherwise, all references to specific statutory sections are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

Two days after the first case was dismissed, Maali filed a second bankruptcy petition on Ortega's behalf. The petition was accompanied by a credit counseling certificate, schedules, statement of financial affairs, a statement of intention, and an application to pay the filing fee in installments. It reflected that Ortega was again acting pro se and that he had not paid anyone for assistance in preparing his bankruptcy documents. The documents were not accompanied by a petition preparer certification or Official Form 119, nor did they contain Maali's signature, name, address, or Social Security number.

At the § 341 meeting of creditors held in May 2017, Ortega initially denied he had assistance filing his case, stating he prepared the documents himself using information from the internet. However, when questioned about his first case, Ortega seemed unaware that a prior case had been filed on his behalf. Ortega then admitted he had paid $1,200 to someone named "Papa" to prepare and file his bankruptcy papers in the second case. When presented with a picture of Maali, Ortega confirmed that Maali was the individual who had helped him.

After the § 341 meeting, Attorney Jon Kurland filed a notice of appearance on Ortega's behalf, together with amended schedules and statements and a disclosure of compensation indicating that Ortega had paid him $1,000 for representation.

Ortega received his discharge on September 26, 2017. More than a year later, on November 5, 2018, the bankruptcy court entered an "Order Discharging Trustee And Closing Case." The bankruptcy court also entered an order expressly retaining jurisdiction over the adversary proceeding filed by the United States Trustee ("UST") against Maali, as described below.

3

## II.    The Adversary Proceeding

### A.    The Complaint

In October 2017, the UST filed a complaint against Maali.  The UST alleged that Maali violated multiple sections of § 110 while acting as a bankruptcy petition preparer on Ortega's behalf and asked the bankruptcy court to fine Maali $500 for each violation, triple each fine, direct him to disgorge all fees received, and order him to pay Ortega statutory damages, under § 110(*l*)(1), (*l*)(2)(D), (*l*)(4)(A), (h)(3)(B), and (i)(1)(B)(i).  The UST also asked the court to permanently enjoin Maali from acting as a bankruptcy petition preparer under § 110(j)(2)(B).

### B.    Maali's Answer and Counterclaim

In his answer, Maali generally denied the allegations.  He also counterclaimed for purported violations of 18 U.S.C. § 241 (prohibiting conspiracy against the exercise of civil rights) and 18 U.S.C. § 249 (prohibiting hate crimes "involving actual or perceived race, color, religion, or national origin"), alleging "systematic discrimination" by the UST in bringing the § 110 action against him.  He requested revocation of the UST's qualified immunity, dismissal of the complaint, damages, and a jury trial.

The UST moved to dismiss the counterclaim under Rules 8(a)(2) and 12(b)(6), arguing Maali had failed to state a claim for relief because: (1) only the government had standing to prosecute under 18 U.S.C. § 241; and (2) 18 U.S.C. § 249 provided no private right of action.

After a hearing, the bankruptcy court dismissed the counterclaim "for the reasons set forth in the motion filed by the United States Trustee."  In a separate order, the court denied Maali's request for a jury trial and scheduled the matter for a bench trial.

### C.    Other Developments Before Trial

In June 2018, Maali filed a motion requesting an order allowing him to depose the UST. The UST objected, and the bankruptcy court denied the motion.  In April 2019, Maali filed a

"Motion to Dismiss [UST's] Adversary Complaint For Fail[]ure to Serve the Motion to Discharge [Trustee and Close Case]," which the bankruptcy court also denied. Maali challenges these interlocutory rulings in this appeal.

Maali appealed the order dismissing his counterclaim, as well as six other orders, all of which were dismissed as interlocutory or for failure to prosecute.[2] The dismissal orders were appealed to the First Circuit which, in turn, dismissed the appeals as interlocutory or for failure to pay filing fees.

### D. The Trial

The bankruptcy court conducted a two-day trial on April 30 and May 1, 2019. The UST called five witnesses to testify: Ortega; two of Maali's other debtor clients—Rosalie Davis ("Davis") and Kevin Brouillard ("Brouillard"); James M. Doherty ("Doherty"), the bankruptcy analyst for the UST's office;[3] and Maali. The UST also introduced ten exhibits into evidence, including bankruptcy papers filed on behalf of Ortega, Davis, and Brouillard. These three witnesses—Ortega, Davis, and Brouillard—each testified that they hired and paid Maali to help them file for bankruptcy, Maali advised them under which chapter they should file, instructed them to sign bankruptcy documents in blank, and then prepared and filed the documents with the bankruptcy court on their behalf without reviewing copies of the completed documents

---

[2] See BAP No. MW 18-005 (appeal of order dismissing counterclaim); BAP No. MW 18-025 (appeal of order denying reconsideration of order denying jury trial); BAP No. MW 18-027 (appeal of order denying stay pending appeal of denial of reconsideration of denial of jury trial); BAP No. MW 18-035 (appeal of order denying motion to compel UST's testimony); BAP No. MW 18-047 (appeal of order denying motion to compel UST to file a proof of claim in Maali's bankruptcy case); BAP No. MW 19-020 (appeal of order denying motion to dismiss adversary complaint); and BAP No. MW 19-021 (appeal of order denying stay pending appeal of denial of motion to dismiss).

[3] "[B]ankruptcy analysts employed by the U.S. Trustee's office supervise all case filings in an effort to ferret out fraud in the system. The job entails combing through bankruptcy filings, homing in on any red flags suggesting a case should not move forward with regular case processing." United States v. Valdés-Ayala, 900 F.3d 20, 26 (1st Cir. 2018).

5

with them. Maali also testified, over his objection, and denied he had prepared or filed documents on Ortega's behalf. He also cross-examined the other witnesses, but he did not present any of his own witnesses or introduce any additional documentary evidence.

### E.    The Judgment

On March 6, 2020, the bankruptcy court entered judgment in favor of the UST (the "Judgment").[4]  Credibility was a key factor in the bankruptcy court's determination of the facts. The court found the testimony of Ortega, Davis, Brouillard, and Doherty to be "credible, forthright, and consistent" and that "Maali's testimony was largely not credible—riddled with denials of obvious truths and feigned memory lapses." The court found that Maali had committed eleven violations under seven different subsections of § 110 by: (1) failing to disclose to Ortega that he was not an attorney and could not offer legal advice as required by § 110(b)(2); (2) failing to include his name, address and signature on documents filed with the bankruptcy court as required by § 110(b)(1); (3) failing to include his Social Security number on such documents as required by § 110(c)(1); (4) failing to give Ortega copies of completed documents before they were filed as required by § 110(d); (5) giving legal advice to Ortega in violation of five different subsections of § 110(e)(2)(B); (6) collecting court fees from Ortega in violation of § 110(g); and (7) failing to disclose that Ortega had paid him $1,200 in violation of § 110(h)(2).

The court determined that the maximum statutory fine of $500 was warranted under § 110(*l*)(1) for each of the eleven violations, given Maali's "steadfast and complete denial that he ha[d] acted as a petition preparer, his lack of candor before [the court], his instruction to the debtors to deny his involvement with their bankruptcy cases, and his filing bankruptcy cases without the debtors' knowledge." Further, because Maali failed to disclose his identity as a

---

[4] The bankruptcy court explained that because the complaint sought relief only as to Ortega's bankruptcy case, it would address violations of § 110 in that case only. The testimony and evidence relating to Davis and Brouillard were relevant, however, when the court considered whether an injunction was warranted.

bankruptcy petition preparer on Ortega's bankruptcy documents, the court tripled each $500 fine under § 110(*l*)(2)(D). The bankruptcy court also ordered Maali to return $865 of the fee he received from Ortega under § 110(h)(3)(B) and to pay Ortega statutory damages of $2,000 under § 110(i)(1)(B).

The bankruptcy court concluded that injunctive relief was also warranted under § 110(j) as Maali had "continually and prolifically engaged in violations of § 110, the unauthorized practice of law, and other fraudulent and deceptive acts." Concluding that a "more limited injunction" would not deter Maali from further violations, the court enjoined him under § 110(j)(2) from "acting as a bankruptcy petition preparer," "engaging in any conduct in violation of [§] 110," and "soliciting, assisting, advising, providing legal guidance, advice, assistance, or consultation of any kind to any person in connection with the filing or prosecution of any bankruptcy case in the District of Massachusetts."

## III. The Appeal

Maali filed a notice of appeal on March 10, 2020. On appeal, Maali generally argues that the bankruptcy court erred by imposing fines and a permanent injunction against him. He does not, however, specifically challenge any of the bankruptcy court's findings and conclusions under § 110—in fact, his brief does not even reference § 110. Rather, he raises unsubstantiated accusations of "bias" and "favoritism" by the bankruptcy court and argues that the court violated his constitutional rights by: (1) dismissing his counterclaim; (2) refusing to allow him to depose the UST; (3) requiring him to testify at trial; (4) denying him a jury trial; and (5) failing to dismiss the adversary proceeding after Ortega's bankruptcy case was closed.

## APPELLATE JURISDICTION

We have jurisdiction to hear appeals from final orders and judgments of the bankruptcy court. See 28 U.S.C. § 158(a)-(c); see also Ritzen Grp., Inc. v. Jackson Masonry, LLC,

7

140 S. Ct. 582, 587 (2020); Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015).  In the context of an adversary proceeding, a judgment that completely resolves all issues pertaining to a discrete claim is final and appealable.  See Kittery Point Partners, LLC v. Bayview Loan Servicing, LLC (In re Kittery Point Partners, LLC), 623 B.R. 825, 835 (B.A.P. 1st Cir. 2021).  Accordingly, we have jurisdiction to review the Judgment.  Further, to the extent Maali challenges prior interlocutory rulings of the bankruptcy court, we also have jurisdiction to review them.  See Segarra Miranda v. Banco Popular de P.R. (In re Rivera Mercado), 599 B.R. 406, 416 (B.A.P. 1st Cir. 2019) (providing that, "under the 'merger rule,' prior interlocutory orders merge with the final judgment in a case and may be reviewed on appeal from the final order") (citation omitted).

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 496 (B.A.P. 1st Cir. 2016) (citations omitted).  Appellate courts review the bankruptcy court's imposition of monetary and/or injunctive relief under § 110 for "abuse of discretion, and its underlying factual and legal determinations by the pertinent standards."  Frankfort Digital Servs., Ltd. v. Neary (In re Reynoso), 315 B.R. 544, 549-50 (B.A.P. 9th Cir. 2004) (citation omitted), aff'd, 477 F.3d 1117 (9th Cir. 2007).

## THE LEGAL FRAMEWORK

### I.      Section 110, Generally

Section 110 governs the conduct of non-attorney "bankruptcy petition preparers."  See 11 U.S.C. § 110; see also Gebhardt v. Fundación Lucha Por Padres Convictos Por Pensión, Corp. (In re Vega Belen), Adv. Pro. No. 12–00192, 2013 WL 5502958, at *3 (Bankr. D.P.R. Oct. 2, 2013).  "Enacted to address the proliferation of bankruptcy petition preparers not employed or

8

supervised by attorneys, the provision limits the types of activities in which bankruptcy petition preparers can be engaged, particularly with respect to providing legal advice or engaging in the unauthorized practice of law." In re Vega Belen, 2013 WL 5502958, at *3 (citation omitted). Section 110(a) defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" in a bankruptcy case. 11 U.S.C. § 110(a)(1). "Document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2).

## II.     Requirements and Prohibitions Under § 110

Section 110 requires bankruptcy petition preparers to:

- Sign and identify themselves on documents prepared for filing. See 11 U.S.C. § 110(b)(1).

- Provide clients with a written notice informing them that the preparer "is not an attorney and may not practice law or give legal advice," which must be signed by both the debtor and the preparer under the penalty of perjury and must be filed with any "document for filing." See 11 U.S.C. § 110(b)(2).

- Place the petition preparer's Social Security number on documents prepared for filing. See 11 U.S.C. § 110(c).

- Provide clients with copies of documents to be filed on or before the time of signing. See 11 U.S.C. § 110(d).

- Notify the debtor of the maximum allowable fee and file a declaration under penalty of perjury disclosing the amount of fees received from the debtor. See 11 U.S.C. § 110(h)(1) & (2).

Section 110 also *prohibits* bankruptcy petition preparers from:

- Signing documents on behalf of a debtor. See 11 U.S.C. § 110(e)(1).

- Using the word "legal" or similar terms in advertising or advertising under any category that uses the word "legal" or a similar term. See 11 U.S.C. § 110(f).

9

• Collecting or receiving payment from the debtor or on the debtor's behalf for filing fees. See 11 U.S.C. § 110(g).

• Giving legal advice. See 11 U.S.C. § 110(e)(2)(A).

For purposes of § 110(e)(2)(A), "legal advice" includes:

(B)(i) whether—
(I) to file a petition under this title; or
(II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
(ii) whether the debtor's debts will be discharged in a case under this title;
(iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
(iv) concerning—
(I) the tax consequences of a case brought under this title; or
(II) the dischargeability of tax claims;
(v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
(vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
(vii) concerning bankruptcy procedures and rights.

11 U.S.C. § 110(e)(2)(B).

Essentially, "the 'bankruptcy petition preparer' that offers anything more than a typing, data entry, or photocopying service is in violation of . . . § 110." Wieland v. Assaf (In re Briones-Coroy), 481 B.R. 685, 691 (Bankr. D. Colo. 2012).

## III.     Fines and Penalties for Violations of § 110

Section 110 sets forth both discretionary and mandatory relief for violations of § 110. Under § 110(l)(1), the bankruptcy court may fine a bankruptcy petition preparer up to $500 for each violation of subsections (b) through (h). See 11 U.S.C. § 110(l)(1). If the bankruptcy court finds that a bankruptcy petition preparer "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer," then the court "shall triple the amount" of the assessed fine. See 11 U.S.C. § 110(l)(2)(D). Further, the bankruptcy court may order a bankruptcy petition preparer who fails to comply with any subsection (b) through (h) to disgorge all fees received. See 11 U.S.C. § 110(h)(3)(B). If the bankruptcy court finds the

bankruptcy petition preparer violated § 110 or committed "any act that the court finds to be fraudulent, unfair, or deceptive," the court "shall order the bankruptcy petition preparer to pay to the debtor—(A) the debtor's actual damages; (B) the greater of[] (i) $2,000; or (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; or (C) reasonable attorney's fees and costs in moving for damages under this subsection." 11 U.S.C. § 110(i)(1).

Section 110(j)(2)(B) further authorizes the bankruptcy court to enjoin a person from acting as a bankruptcy petition preparer upon finding he has "continually engaged in conduct" in violation of § 110 or in "any other fraudulent, unfair, or deceptive conduct," and "that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of [title 11] . . . ." See 11 U.S.C. § 110(j)(2).

The UST is specifically authorized by statute to request monetary and injunctive relief against bankruptcy petition preparers who violate § 110. See 11 U.S.C. § 110(h)(4), (i)(1), (j)(1), (*l*)(3); see also Harrington v. McKenna (In re Sanchez), 557 B.R. 264, 265 (Bankr. D.R.I. 2016) (stating § 110 "specifically authorizes the United States trustee to bring a civil action against a bankruptcy petition preparer who acts in violation of that Code section").

## DISCUSSION

"On appeal, the burden is on the appellant to prove that the bankruptcy court's judgment should be reversed." Sirikanjanachai v. Massachusetts (In re Sirikanjanachai), BAP No. MB 20-003, 2020 WL 7647510, at *4 (B.A.P. 1st Cir. Dec. 21, 2020) (quoting Ross v. Educ. Credit Mgmt. Corp. (In re Ross), BAP No. MW 03-085, 2004 WL 6030762, at *2 (B.A.P 1st Cir. June 4, 2004)). "An appellant bears a 'heavy burden of showing that the [lower] court abused its discretion, committed an error of law, or seriously misjudged the evidence.'" Garel Skatebike Int'l, Inc. v. Lerun Indus., Inc., No. 89-1054, 1989 WL 26834, at *1 (Fed. Cir. Mar. 27, 1989)

11

(citation omitted); see also Whitcomb v. Smith (In re Smith), 572 B.R. 1, 18 (B.A.P. 1st Cir. 2017) ("[A]n appellant bears the heavy burden of showing that evidentiary rulings were manifestly erroneous.") (citation omitted) (internal quotation marks omitted).

As a threshold matter, we are confronted with an opening brief that is difficult to comprehend and is seriously deficient when read in view of the procedural and substantive briefing requirements of the Federal Rules of Bankruptcy Procedure and the First Circuit BAP Local Rules. Maali has failed to comply with Bankruptcy Rule 8014, which provides that "[t]he appellant's brief must contain," inter alia: (1) "a jurisdictional statement," including the basis for the bankruptcy court's subject-matter jurisdiction and the basis for the BAP's jurisdiction; (2) "a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review"; (3) "a concise statement of the case setting out the facts relevant to the issues submitted for review, . . . and identifying the rulings presented for review, with appropriate references to the record"; (4) "a summary of the argument" containing "a succinct, clear, and accurate statement of the arguments made in the body of the brief"; and (5) "the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Fed. R. Bankr. P. 8014(a)(4)-(8); see also 1st Cir. BAP L.R. 8014-1 (setting forth briefing requirements). Bankruptcy Rule 8014 is written in mandatory terms, stating the appellant's brief "must contain" the specified information. See Fed. R. Bankr. P. 8014; see also In re Sirikanjanachai, 2020 WL 7647510, at *4 (describing briefing requirements as "mandatory").

Maali's brief fails to comply with Bankruptcy Rule 8014 in several respects. First, it fails to squarely identify the issues on appeal or the controlling law. Second, the brief is largely devoid of useful references to the record. Third, while the brief does include a list of authorities,

their relevance, if any, to the appealed order is unclear. Fourth, the brief lacks "a concise statement of the case" and a succinct "summary of the argument."

But most significantly, Maali's brief lacks a coherent presentation of his contentions as to the merits of the appeal, with citations to the authorities and parts of the record on which he relies. Although this appeal is taken from the Judgment, Maali does not assign error to any of the bankruptcy court's findings and conclusions under § 110. In fact, his brief does not even reference § 110, which was the statutory basis for the bankruptcy court's decision, and it is utterly silent as to the court's factual findings. He fails to raise any arguments whatsoever about the bankruptcy court's rulings under § 110 and fails to specify how the court erred.

"An appellate court may, in its discretion, deem an argument waived if it is not presented in accordance with Bankruptcy Rule [8014]." In re Ross, 2004 WL 6030762, at *3 (citing Brewer v. Erwin & Erwin, P.C. (In re Marquam Inv. Corp.), 942 F.2d 1462, 1467 (9th Cir. 1991); Joelson v. Brown (In re Brown Family Farms, Inc.), 872 F.2d 139, 142 (6th Cir. 1989)); see also Town of Hingham v. Sirikanjanachai (In re Sirikanjanachai), BAP No. MB 18-059, 2019 WL 6605858, at *3 (B.A.P. 1st Cir. Dec. 4, 2019) (summarily affirming on waiver grounds due to appellant's deficient brief). Moreover, it is well established in the First Circuit that failure to brief an issue waives the issue. United States v. Bayard, 642 F.3d 59, 63 (1st Cir. 2011); see also Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 36 (1st Cir. 1994) ("[I]ssues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [will be] deemed waived for purposes of appeal."). Maali's failure to raise any meaningful arguments or substantive legal claims as to the bankruptcy court's findings and conclusions under § 110 precludes our review of the Judgment. See United States v. Brake, 904 F.3d 97, 99 (1st Cir. 2018) ("A waived issue ordinarily may not be reviewed on appeal.").

Even were we to review the merits of the Judgment, however, we would find no discernable basis for reversing the bankruptcy court's thorough and comprehensive findings and conclusions. On this point we can be brief, as the First Circuit has made it abundantly clear that "when lower courts have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate." deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014) (citing other First Circuit cases). That precept squarely applies in this case. Thus, even on the merits, Maali would not prevail as he has failed to satisfy his burden of persuasion.

Although Maali challenges several prior interlocutory rulings of the bankruptcy court— (1) the dismissal of his counterclaim for racial discrimination; (2) the denial of his request to depose the UST; (3) the overruling of his objection to testifying at trial; (4) the denial of his request for a jury trial; and (5) the denial of his motion to dismiss the adversary proceeding after Ortega's bankruptcy case was closed—those challenges do not alter the outcome of this appeal. Maali's brief is devoid of any relevant case law, legal authority, or logical argument to support his claims of error with respect to those rulings. It is well established in the First Circuit that claims "unaccompanied by developed argument" are deemed waived, as are arguments that are "confusingly constructed and lacking in coherence." Velázquez Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011) (citations omitted). "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." Id. (citations omitted). Maali's arguments regarding the above-described rulings fall short of satisfying these requirements. Although he uses some familiar legal words or phrases— such as "constitutional rights," "Seventh Amendment," and "discrimination"—and points to a handful of statutes and cases, he cites no evidence and provides neither relevant legal authority

14

nor reasoned analysis to support his position as to each of the challenged rulings. In short, these claims are also waived. See id.

Even reading Maali's brief with latitude due to his pro se status, it is impossible to discern any basis for disturbing any of the bankruptcy court's findings or rulings. See Aja v. Emigrant Funding Corp. (In re Aja), 442 B.R. 857, 861 (B.A.P. 1st Cir. 2011) (stating that while pro se litigants are held to a "'less stringent procedural standard tha[n] others,'" they are not "granted immunity" from compliance with procedural and substantive law) (citation omitted). The burden was on Maali to demonstrate a basis for reversing the bankruptcy court and entering judgment in his favor. He failed to provide us with any basis—either through his briefing or through the arguments he presented orally—to conclude that the bankruptcy court's Judgment, or any of its prior interlocutory rulings, did not apply the correct law or rested on a clearly erroneous finding of material fact. On the contrary, the record fully supports the bankruptcy court's findings and conclusions. In sum, Maali has not satisfied his burden of persuasion.[5]

## **CONCLUSION**

For the reasons articulated above, we **AFFIRM** the Judgment challenged in this appeal.

---

[5] Additionally, Maali accuses the bankruptcy court of "bias" and "favoritism" towards the UST and contends that the bankruptcy judge should have recused herself under 28 U.S.C. § 455. Not only are these claims wholly unsupported with cogent, developed argument, see Velázquez Rodríguez, 659 F.3d at 175 (stating claims "unaccompanied by developed argument" are deemed waived), they are made for the first time on appeal. See Abdallah v. Bain Capital LLC, 752 F.3d 114, 120 (1st Cir. 2014) (stating arguments made for the first time on appeal are waived). Accordingly, the claims are waived. In any event, Maali could not prevail on the merits of his bias claims even if we were to consider them, as there is no support in the record to substantiate such a charge. Maali's claims of bias and favoritism seem to stem exclusively from his dissatisfaction with the bankruptcy court's unfavorable rulings, which does not constitute a valid basis for a bias claim. See Liteky v. United States, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Maali's allegations of bias overstep the boundaries of propriety as the same are devoid of supporting facts. Maali's allegations are personal assumptions without a factual or legal basis and are aimed at justifying meritless actions.